IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRICIA PITTMAN, | ) 2006 JUN -6  P 3: 55 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) 2:06CV507-M |
| MONTGOMERY COUNTY SHERIFF'S | ) |
| DEPARTMENT and D. T. MARSHALL | ) |
| in his official capacity as Sheriff of | ) |
| Montgomery County, Alabama, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the defendants f the plaintiffs rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2. Federal subject matter jurisdiction exists pursuant to:

a) 28 U.S.C. §§ 1331, 1343(4) and 1367; and

b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

### PARTIES

3. Plaintiff, Montricia Pittman, (hereinafter "Ms. Pittman"), is a black female and a resident citizen of Montgomery County, Alabama. Ms. Pittman was employed as a correctional officer by the Montgomery County Sheriff's Department, which is under the supervision of Sheriff D. T. Marshall. Ms. Pittman was employed from as a correctional

officer from March 15, 2004 until January 2006 when she resigned because of the stress of working in a hostile work environment.

4. Defendant, Montgomery County Sheriff's Department (hereinafter "Department"), is an agency of the Montgomery County, Alabama which is this judicial district. The department at all times relevant to this Complaint, was an employer within the meaning of Title VII.

5. Defendant, D. T. Marshall is the duly elected Sheriff of Montgomery County, Alabama was so at all times pertinent to the facts in this cause. (hereinafter "Sheriff").

## NATURE OF ACTION

6. Ms. Pittman brings this action of unlawful employment practices and acts of intentional sex discrimination and retaliation that occurred during her employment with the department by the Sheriff.

7. This action is to redress acts of discrimination for gender discrimination and retaliation by the defendants. This is an action to further redress grievances resulting from the acts of the defendants, its agents, servants, and employees committed with respect to Ms. Pittman's employment.

8. This is an action to redress grievances resulting from unlawful acts of the Defendants in violation of the laws of the State of Alabama.

9. Ms. Pittman seeks award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

10. The actions alleged below constitute acts of continuing violations of the law.

## ADMINISTRATIVE PROCEDURES

11. Within 180 days of learning of the acts of discrimination of which she complains, Ms. Pittman filed a charge of discrimination on or about September 29, 2005, with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge No. 130-20005-07026 (See attached Exhibit 1) on March 9, 2006..

12. Ms. Pittman received a Notice of Right to Sue from the EEOC dated March 7, 2006 (see attached Exhibit 2).

13. All administrative prerequisites for filing suit have been satisfied and Ms. Pittman is entitled to bring this action.

## STATEMENT OF FACTS

14. Ms. Pittman was on duty at the Montgomery County Detention Facility working on third shift on the night of June 27, 2005 as a rover and while conducting a security check of the inmate she was verbally assaulted by an inmate.

15. Ms. Pittman later on the night of June 27, 2005 rechecked the inmate and then he again verbally abused her and threw urine on her. She commanded the inmate to step back and clear the doorway to his cell. The inmate refused then she sprayed the inmate with mace, open the cell door where the inmate was confined and ordered him out of the cell.

16. Ms. Pittman reported the incident to her superior.

17. While on duty on the night of July 30, 2005, the same inmate verbally abused Ms. Pittman.

18. Because of the incidents concerning the inmate, Ms. Pittman was accused of violating policy by improperly opening the cell door , improperly addressing the inmate and was ordered to report to a class for training on her off day.

19. Ms. Pittman in a letter dated August 5, 2005, protested discriminatory treatment in that male correctional officers had not been disciplined for more serious infractions which included a male officer assaulting an inmate.

20. Ms. Pittman is a single parent mother with two children. She informed defendants that she would be unable to attend the training on the designated time and date, and requested that she be allowed to take the training on a different date but received no response.

21. Ms. Pittman was charged with the following violations:

    a. Derelict in duty because of her alleged unprofessional responses to the inmate's actions and provocations.

    b. Insubordinate to her superior by refusing to report for the training arranged by the superior.

    c. Failure to comply with verbal orders given to report for training at a specified time.

22. An investigation was conducted concerning the charges and upon completion of the investigation, on September 12, 2005, Ms. Pittman was informed of her immediate termination for the aforementioned alleged violations.

23. Ms. Pittman contends that the Defendants allow a male officer to make adjustments in his schedule because of his children but has refused her the same privilege.

24. As a result of the adverse treatment, Ms. Pittman was subjected to a hostile work environment that caused her to sustain "much stress".

25. Due to the discriminatory treatment the Defendants committed against her, Ms. Pittman was forced to resign from her employment upon the recommendation of her doctor.

## CLAIM FOR RELIEF

26. Ms. Pittman is a female and as such is a member of a group protected under Title VII from discrimination because of gender.

27. Ms. Pittman avers that she was discriminated against because of her sex and in retaliation for protesting the discriminatory action taken against her, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff respectfully prays that this court:

a. Award Plaintiff back pay and front pay.

d. Award Plaintiff punitive damages for $150,000.00.

e. Award Plaintiff attorney's fees, including expert witness fees, pursuant to 42 USC 2003-5(k).

f. Award Plaintiff costs, interest, and such other relief, as this Court may deem proper.

RESPECTFULLY submitted this the 6th day of June 2006.

Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, Ste, A-10
Montgomery, Alabama 36116
334-213-1233
Fax: 334-213-1234

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Montricia Pittman<br>6144 Cherry Hill Road<br>Montgomery, AL 36116 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South, Suite 2000<br>Birmingham, AL 35205-1130 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 2005 07026 | Devoralyn J. McGhee, Investigator | (205) 212-2070 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Beverly B. Hinton for*
Bernice Williams-Kimbrough, District Director

7 MAR 2006
*(Date Mailed)*

Enclosure(s)

cc:    **Constance C. Walker, Attorney**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>130-2005-07026 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Montricia Pittman | (334) 281-6017 | 02-07-1973 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6144 Cherry Hill Road | Montgomery, AL 36116 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MONTGOMERY COUNTY SHERIFFS DEPARTMENT | 201 - 500 | (334) 832-4980 |

| Street Address | City, State and ZIP Code |
|---|---|
| 115 South Perry St., Detention Facility, Montgomery, AL 36116 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08/10/2005    Latest: 09/12/2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment on April 15, 2004, as a Correctional Officer. During my employment, I made several reports regarding inappropriate conduct of several inmates. On June 4, 2005, I submitted an inmate report, which I later learned had been altered. I reported this conduct and no action was taken. My employer failed to take the appropriate action regarding the inappropriate conduct of the inmate. Their failure to take appropriate action resulted in my being discriminatory disciplined and instructed to attend Inmate Officer Interaction Training, unlike similarly situated male officers who have committed more severe violations and were not discharged. By letter dated August 5, 2005, I protested discriminatory treatment and informed the employer that I would be unable to attend the training on the designated date. I suggested that I take the training on a different date. However, on August 10, 2005, I was informed of pending disciplinary action for alleged neglect or dereliction of duty, insubordination and failure to comply with written or verbal orders. An investigation was conducted. Upon completion of the investigation, on September 12, 2005, I was informed of my immediate termination for the aforementioned alleged violations.

I believe I have been discriminated against because of my sex, female and in retaliation for protesting what I believed to be discriminatory (letter dated August 5, 2005) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 29, 2005<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |