IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRICIA PITTMAN, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case Number: 2:06CV507-VPM |
| ] | |
| MONTGOMERY COUNTY SHERIFF'S ] | |
| DEPARTMENT; and D.T. MARSHALL, ] | |
| ] | |
| Defendants. ] | |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
AND SHERIFF D.T. MARSHALL**

COME NOW the Defendant identified in the Complaint as the "Montgomery County Sheriff's Department," and Defendant Sheriff D.T. Marshall, pursuant to Rule 12(b), Fed. R.Civ. P., and submit the following memorandum brief in support of their Motion to Dismiss.

## I. FACTS

Plaintiff is a female correctional officer who was employed at the Montgomery County Sheriff's Department. (Complaint, ¶ 3) Plaintiff claims that on June 27, 2005, she was verbally abused by an inmate and that the inmate threw urine on her. (Complaint, ¶ 15) Plaintiff ordered the inmate to step back and clear the doorway to his cell but he refused. When the inmate refused, Plaintiff sprayed the inmate with mace, and then opened the cell door and ordered the inmate out of the cell. (Complaint, ¶ 15) Plaintiff again had a verbal altercation with the same inmate on July 30, 2005. (Complaint, ¶ 17)

1

As a result of these two incidents involving the same inmate, Plaintiff was charged with violating policy/security by improperly opening the cell door of the inmate's cell, and improperly addressing the inmate. Plaintiff was ordered to report to a class for Inmate/Officer Interaction Training on her day off. (Complaint, ¶ 18; Ex. "1" to Complaint, EEOC Charge, p. 1)

By way of letter dated August 5, 2005, Plaintiff claimed that she was being discriminated against because similarly situated male officers had committed more severe violations and were not disciplined. (Complaint, ¶ 19; Ex. "1" to Complaint, EEOC Charge No. 130-2005-07026) In this letter, the Plaintiff also told her employer that she would be unable to attend the training on the designated date, and that she would be available for training on a different date. (Id.) When she did not report to training on the date scheduled by her employer, Plaintiff was charged with (1) neglect or dereliction of duty due to her unprofessional responses to the inmate; (2) insubordination; and (3) failure to comply with written or verbal orders by failing to report for training ordered by her employer. (Complaint, ¶ 21; Ex. "1" to Complaint) An investigation of the charges was undertaken by Plaintiff's employer. (Complaint, ¶ 22) On September 12, 2005, Plaintiff was informed of her immediate termination from employment. (Id.)

Plaintiff filed a Charge of Discrimination, Charge No. 130-2005-07026, with the Equal Employment Opportunity Commission ("EEOC") on September 29, 2005 against the Montgomery County Sheriff's Department. (Ex. "1" to Complaint) In her charge of discrimination, Plaintiff checked the boxes declaring that she was complaining of discrimination based on sex and retaliation. (Id.) In her charge, Plaintiff further claimed "I believe I have been discriminated against because of my sex, female, and in retaliation for protesting what I believed to be discriminatory (letter dated August 5, 2005) in violation of Title VII of the Civil Rights Act of 1964, as amended." (Id.) In her

charge, Plaintiff further stated that the earliest date of discrimination was August 10, 2005, and that the latest date of discrimination was September 12, 2005. (Id.) On March 7, 2006, the EEOC issued a Notice of Right to Sue letter to Plaintiff with respect to Charge No. 130-2005-07026. (Complaint, ¶ 12; Ex. "2" to Complaint) The EEOC further found that it "was unable to conclude that the information obtained establishes violation of the statutes." (Complaint, Ex. "2")

On June 6, 2006, Plaintiff filed the present lawsuit against the Montgomery County Sheriff's Department and D.T. Marshall, in his official capacity as Sheriff of Montgomery County, Alabama. Plaintiff asserts claims for sex discrimination and retaliation. (Complaint, ¶ 6) Plaintiff also made several new allegations that were not the subject of her EEOC charge, No. 130-2005-07026, for which she received a Notice of Right to Sue letter from the EEOC. Plaintiff now claims that "Defendants allow (sic) a male officer to make adjustments in his schedule because of his children but has refused her the same privilege." (Complaint, ¶ 23) Plaintiff also claims that as "a result of the adverse treatment, [she] was subjected to a hostile work environment that caused her to sustain 'much stress.'" (Complaint, ¶ 24) Plaintiff also claims that "[d]ue to the discriminatory treatment the Defendants committed against her, [she] was forced to resign from her employment upon the recommendation of her doctor." (Complaint, ¶ 25)

## I. ARGUMENT

**A.     Plaintiff's claims against the Montgomery County Sheriff's Department must be dismissed.**

Plaintiff's claims against the entity identified as the "Montgomery County Sheriff's Department" are due to be dismissed because the Montgomery County Sheriff's Department is not a legal entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992)("Under

3

Alabama law, a county sheriff's department lacks the capacity to be sued.")

> **B.    Some of Plaintiff's claims exceed the scope of her EEOC charge and/or Plaintiff has failed to exhaust administrative remedies.**

Prior to filing a charge of discrimination under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't. of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). The purpose of this exhaustion requirement is that the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* at 1279, *citing Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). A plaintiff's civil complaint brought pursuant to Title VII is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* "[A]llegations of new acts of discrimination are inappropriate." *Id., citing Wu v. Thomas,* 863 F.2d 1542, 1547 (11th Cir. 1989). Title VII also specifies that a lawsuit may only be brought against a party who has been named in the EEOC charge. 42 U.S.C. § 2000ef)(1).

Plaintiff's Complaint contains new allegations that were not included in her EEOC charge, Charge No. 130-2005-07026. Plaintiff's EEOC charge complains of being terminated on September 12, 2005. Her Complaint, however, states that she was forced to resign due to a "hostile work environment." (Complaint, ¶¶ 24-25) The Complaint also states that the "Defendants allowed a male offer to make adjustments in his schedule because of his children but has refused her the same privilege." (Complaint, ¶ 23) This allegation was also not the subject of Plaintiff's EEOC charge. Because these new allegations (paragraphs 23-25) were not in Plaintiff's charge for which the EEOC gave Plaintiff a right to sue letter, they cannot be included in her lawsuit and are thus procedurally

4

deficient. *See, Chanda v. Engelhard/ICC,* 234 F.3d 1219, 1225 (11th Cir. 2000). Plaintiff has also named D.T. Marshall as a Defendant in this case; however, Marshall was not named as a respondent in Plaintiff's EEOC charge. Plaintiff named only the Montgomery County Sheriff's Department as a respondent in her EEOC charge. (See Ex. "1" to Plaintiff's Complaint.) This also proves fatal to Plaintiff's claims against D.T. Marshall and all such claims against him should be dismissed. 42 U.S.C. § 2000e(f)(1).

Plaintiff has in fact filed a second EEOC charge, Charge No. 420-2006-02259, (on April 28, 2006) wherein she claims she was retaliated against on January 25, 2006 when she received a letter from the sheriff's department warning her not to participate in activities protected under Title VII. In this second charge, she also claims that she resigned from work due to a hostile work environment in January of 2006. (See Ex. "1" hereto.) Plaintiff has not received a right to sue letter with respect to this charge and has failed to allege in her Complaint that she has received the notice of right to sue letter for these claims. Because the right to sue letter is a precondition to filing a lawsuit pursuant to Title VII with respect to these new claims, they should not be considered at this time in this lawsuit, and should be dismissed. *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1100 (11th Cir. 1996)(recognizing that under Title VII, plaintiff must first receive right to sue notice from the EEOC prior to commencing suit); *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1487 (6th Cir. 1989)(same); *Pinkard v. Pullman-Standard,* 678 F.2d 1211 (5th Cir. 1982)(receipt of a right-to-sue letter is a condition precedent to a Title VII claim, subject to equitable modification).

In *Pinkard,* the court stated that "[w]e do not in any way approve of the filing of suit prior to the receipt of a right-to-sue-letter. As we have noted a prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice of the right to sue."

5

*Id.* at 1219 n. 6; *see also, Hillemann v. University of Central Florida,* 411 F.Supp. 2d 1354, 1362 (M.D.Fla. 2004)(upholding dismissal of claims where plaintiff failed to obtain a right-to-sue letter prior to filing suit, based on finding that plaintiff failed to fully exhaust administrative remedies); *Bost v. Federal Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004)(upholding dismissal of plaintiff's claims where he failed to obtain notice of right to sue prior to filing suit, noting that plaintiff "impermissibly bypassed the administrative process.")

In the present case, Plaintiff appears to be asserting claims for constructive charge and hostile work environment. (Complaint, ¶¶ 24-25) These claims are the subject of a second EEOC charge filed by the Plaintiff. (See Ex. "1" hereto.) Plaintiff has failed to allege in the Complaint that she has received a right to sue letter for these charges. Plaintiff's Complaint is therefore deficient and should be dismissed. Plaintiff should not be permitted to proceed with these new claims at this time. To allow Plaintiff to do so impermissibly allows her to bypass the administrative process. Accordingly, any claims based on these new allegations (paragraphs 24-25) should be dismissed.

Plaintiff's claims in her first EEOC charge should also be dismissed due to her failure to verify her first EEOC charge. (EEOC Charge, Ex. "1" to Plaintiff's Complaint) 42 U.S.C. § 2000e-5(b) provides that "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." The Eleventh Circuit has held that this status mandates that charges be made under oath or affirmation. *Vason v. City of Montgomery, Alabama,* 240 F.3d 905, 907 (11th Cir. 2001). Plaintiff signed her EEOC charge on which her claims are based; however, Plaintiff failed to swear or affirm to the truth of the charge. (Ex. "1" to Complaint) All of her claims should therefore be dismissed.

C.  **Plaintiff has failed to properly plead her claims for sex discrimination and retaliation.**

1.  **Sex Discrimination.**

Plaintiff's Complaint states that she is asserting a claim for sex discrimination and retaliation. (Complaint, ¶¶ 6-7) It is unclear which facts in the Complaint support the claim for sex discrimination, and which facts of the Complaint support the retaliation claim. Plaintiff's Complaint merely contains a "Statement of Facts" apparently applicable to both the sex discrimination claim and the retaliation claim, and a section entitled "Claim for Relief."

The minimum requirements of pleading require a plaintiff to plead discrete claims in separate counts. Rule 10(b), Fed. R. Civ. P.; *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270-71 (11th Cir. 2004); *Magluta v. Samples*, 256 F.3d 1283, 1284 (11th Cir. 2001). A plaintiff's failure to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). When confronted with such a pleading, if the defendant does not move for a more definite statement, the court on its own may intervene and order the plaintiff to replead his claims. *Id.* at 1133. In the present case because Plaintiff has failed to plead discrete claims in separate counts, her Complaint is defective and should be dismissed. In the alternative, Plaintiff should be ordered to replead her claims in compliance with Rule 10(b), Fed. R.Civ. P.

In analyzing a claim of sexual discrimination, the Eleventh Circuit uses the burden-shifting analysis in *McDonnell Douglas Corp., v. Green*, 411 U.S. 792 (1973) and *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). Under this analysis, the employee must establish a prima facie case of discrimination, and then the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for taking the adverse employment action. *St. Mary's Honor Ctr. v.*

*Hicks,* 509 U.S. 502, 507 (1993). This is simply a burden of *production,* however; "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (*quoting Burdine,* 450 U.S. at 255 n.8) Should the employer meet this burden of production, then it is the employee's burden to show that the proffered reason offered by the employer was merely a pretext for discrimination. *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1228 (11th Cir. 1993). "A reason is not 'pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason.'" *St. Mary's Honor Ctr.,* 509 U.S. at 515.

With respect to her sex discrimination claim, Plaintiff appears to claim two things: (1) that by ordering her to attend Inmate/Officer Interaction Training, her employer disciplined her in a way that was discriminatory (Complaint, ¶ 9; Ex. 1, EEOC Charge, p. 1); and (2) that she was discriminated against when she was terminated for failure to attend the mandatory training because "the Defendants allow (sic) a male officer to make adjustments in his schedule because of his children but has refused her the same privilege." (Complaint, ¶ 23)

To survive a motion to dismiss, Plaintiff's Complaint must allege that (1) she was a member of a protected class; (2) that she was subjected to adverse job action; (3) that she was qualified to do the job; and (4) that she was treated less favorably than a similarly situated individual outside her protected class. *Knight v. Baptist Hosp. of Miami, Inc.,* 330 F.3d 1313, 1316 (11th Cir. 2003). With respect to her claim of sex discrimination, it is imperative that Plaintiff allege and show that she suffered an adverse employment action. *Davis v. Town of Lake Park,* 245 F.3d 1232, 1238 (11th Cir. 2001). Not all conduct by an employer that negatively affects an employee will constitute "adverse employment action." *Id.* Instead, "an employee must show a serious and material change in the

terms, conditions, or privileges of employment ... [T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the <u>employment action must be materially adverse as viewed by a reasonable person in the circumstances</u>." *Id.* at 1239 (emphasis added).

> An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee."

*Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 587 (11th Cir. 2000)(citations omitted).

To qualify as "adverse employment action," the action must be "materially adverse" in the eyes of a reasonable person in the circumstances; not in the eyes of Plaintiff. Title VII does not provide a remedy for the "ordinary tribulations of the workplace." *Id.* at 587; *see also, Davis v. Town of Lake Park, Fla.,* 245 F.3d at 1241 (holding reprimands did not result in plaintiff suffering any tangible consequences in the form of loss of pay or benefits, and thus did not rise to the level of "adverse employment actions," and noting that "criticisms of an employee's job performance - written or oral- that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit").

Plaintiff's Complaint purporting to allege a claim for sex discrimination arising out of the order to attend Inmate/Officer Interaction Training, viewed objectively, does not rise to the level of "adverse employment action." Plaintiff does not allege that she lost any benefits or compensation as a result of the order to attend training. The order for training was merely a reprimand type of action that did not lead to tangible job consequences. *Davis,* 245 F.3d at 1241. The order directing Plaintiff to attend training is therefore not an "adverse employment action." Plaintiff's

9

claim for sex discrimination based on the order to attend training should be dismissed.

Plaintiff's claim for sex discrimination based on the order to attend training is also deficient because Plaintiff has failed to allege that similarly situated males were treated differently than she. "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishment imposed." *Silvera v. Orange County School Bd.,* 24 F.3d 1253, 1259 (11th Cir. 2001). "In order to satisfy the similar offense prong, the comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second guessing employers' reasonable decisions." *Id.* at 1259; *see also, Knight,* 330 F.3d at 1316 (plaintiff must show that the employees are "similarly situated in all relevant respects;" *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.,* 342 F.3d 1281, 1289 (11th Cir. 2003).

In June of 2005, Plaintiff engaged in inappropriate conduct involving an inmate, inappropriately maced the inmate while he was behind a locked cell door, and violated policy regarding security by opening the cell door. Only one month later, in July 2005, she again engaged in unprofessional behavior with the same inmate. She was charged with violation of policy and ordered to attend Inmate/Officer Interaction Training. To adequately plead a sex discrimination claim based on the order to attend training, Plaintiff must allege that there was a male correctional officer who engaged in misconduct that was "nearly identical" to her conduct in June in 2005, and who, approximately one month later, engaged in conduct that were "nearly identical" to Plaintiff's conduct in July 2005. Plaintiff has failed to do this. Plaintiff's Complaint merely alleges that "male

correctional officers had not been disciplined for more serious infractions which included a male officer assaulting an inmate." (Complaint, ¶ 19) The Complaint fails to allege that this male correctional officer engaged in the same behavior as the Plaintiff or that he had been cited for this conduct twice, with the second incident occurring only one month after the first incident, as is the case with the Plaintiff. Because Plaintiff failed to allege and plead that she was treated less favorably than a similarly situated employee outside her protected class when she was ordered to attend training, this claim should be dismissed.

It also appears that Plaintiff is asserting a claim for discriminatory discharge. (Complaint, ¶ 22) Plaintiff's claim of discriminatory discharge is also deficient for the same reasons as noted above. Plaintiff must demonstrate that (1) she was a member of a protected class; (2) that she was qualified for the job from which she was discharged; (3) she was discharged; and (4) she was treated less favorably than a similarly situated individual outside her protected class. *Knight*, 330 F.3d at 1316. Again, Plaintiff has failed to plead that there was a similarly situated male correctional officer who engaged in conduct that was "nearly identical" to hers who was not discharged. Plaintiff's Complaint merely alleges that "the Defendants allow (sic) a male officer to make adjustments in his schedule because of his children but has refused her the same privilege." (Complaint, ¶ 23) Plaintiff has therefore failed to adequately plead a claim for discriminatory discharge and this claim should also be dismissed.

   2.   **Retaliation**

There are no facts alleged in the Plaintiff's Complaint that support a claim for retaliation. In fact, retaliation is not even mentioned in the section of the Complaint entitled "Statement of Facts." In the section entitled "Claim for Relief," Plaintiff merely states that she "was discriminated

against because of her sex and in retaliation for protesting the discriminatory action taken against her, which is a violation of Title VII of the Civil Rights Act of 1964, as amended." (Complaint, ¶ 27) As a matter of pleading, this claim is defective and should be dismissed. *Magluta,* 256 F.3d at 1284; *Jackson,* 372 F.3d at 1271-72.

If Plaintiff is claiming that she was discharged in retaliation for complaining about having to report to Inmate/Officer Interaction Training, that claim is deficient and must be dismissed. In her charge, Plaintiff appears to claim that she was terminated in retaliation for her August 5, 2005 letter wherein she protested what she believed to be discriminatory treatment, i.e., being given a direct order to attend Inmate/Officer Interaction Training. To prevail on a claim for retaliation under Title VII, a plaintiff must establish (1) that he engaged in an activity protected under Title VII; (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the protected activity and the adverse employment action. *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1287 (11th Cir. 1997). A plaintiff may be said to engage in such "statutorily protected" speech or activity when he protests an employer's lawful conduct if he demonstrates a good faith, reasonable belief that the employer's action was unlawful. *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998). The plaintiff reporting unlawful discrimination must have a good faith belief of unlawful discrimination. *Tipton v. Canadian Imperial Bank of Commerce,* 872 F.2d 1491, 1494 (11th Cir. 1989). It is insufficient that the plaintiff alleges his belief was honest; the record must show that the plaintiff's belief, though perhaps mistaken, was objectively reasonable. *Clover v. Total System Services, Inc.,* 176 F.3d 1346 1351 (11th Cir. 1999). Plaintiff's belief that her employer engaged in an unlawful employment practice must also be measured against existing substantive law. *Id.*

Here, it was not objectively reasonable for Plaintiff to believe that she was being discriminated against based on sex when she was ordered to attend Inmate/Officer Interaction Training. Plaintiff admits in her Complaint that she was cited for violation of policy on two separate occasions, occurring in the span of only two months, involving inappropriate conduct with the same inmate. Plaintiff's Complaint fails to allege that there were similarly situated male employees (engaging in the same conduct) who were treated more favorably than Plaintiff. This failure to allege a similarly situated comparator shows that Plaintiff's belief that her employer was discriminating against her was not objectively reasonable. Without such an objectively reasonable belief that she was being discriminated against, Plaintiff's retaliation claim must be dismissed.

### III. CONCLUSION

Based on the foregoing, Defendants move this Court to dismiss all claims against them in the Plaintiff's Complaint. Defendants further request any other relief to which they may be entitled.

*[signature]*
Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendants

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by placing a copy of the same in the United States mail, postage prepaid, this the 5 day of July, 2006:

Deborah M. Nickson
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116

_____
Of Counsel