IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRICIA PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:06-cv-507 - WKW |
| ) | |
| MONTGOMERY COUNTY SHERIFF'S ) | |
| DEPARTMENT and D. T. MARSHALL ) | |
| in his official capacity as Sheriff of ) | |
| Montgomery County, Alabama, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Montricia Pittman, Plaintiff, by and through her undersigned attorney, hereby responds to the Motion to Dismiss saying that the Motion should be dismissed because of the following:

BACKGROUND

Ms. Pittman is a black female who was employed as a correctional officer by the Montgomery County Sheriff's department, which is under the supervision of Defendant D. T. Marshall who is the Montgomery County Sheriff.

Ms. Pittman reported an incident involving an inmate that occurred within the Montgomery County Detention Facility on 25 June 2005. On that, date the inmate while in a cell verbally assaulted her and threw urine on her. In response, she ordered the inmate to move to the back of the cell; when he refused, she sprayed mace on him. On 30 July 2005, the same inmate again verbally abused her.

Ms. Pittman was charged with violating policy by improperly opening the cell door, and addressing the inmate. She was reprimanded by the defendant, and ordered to attend a class for

additional training. By letter dated 5 August 2005, Ms. Pittman protested stating that male correctional officers had committed more serious violations, and defendant Marshall did not disciplined them. defendant Marshall.

Ms. Pittman who is a single mother with two minor children informed defendant that she could not attend because of family obligation the class on the day that it was scheduled, and requested that the class rescheduled. She received no response to the request. After protesting the discriminatory treatment, the work environment became hostile and Ms. Pittman was forced to resign.

## RESPONSE

2. The standard of review on a motion to dismiss is stated in *White v. Highway Patrol*, 928 F.Supp. 1153 (M.D.Fla. 1996): On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991).

**The Plaintiff's claims do not exceed the scope of her EEOC charges nor is there an exhaustion of administrative remedies issue.**

In *Williamson v. International Paper Co.* 85 F.Supp.2d 1184, 1196 (S.D.Ala., 2000), the Court in discussing the "*like or related*" rule noted the following:

" In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970), this court set forth what has been termed the "like or related" rule or "reasonable expectation" test which defines the scope or degree to which the discrimination alleged in a Title VII plaintiff's complaint can vary from that charged in the EEOC complaint and that investigated by the [Equal Employment

Opportunity] Commission. In *Sanchez*, we held "that the allegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.' " Id. at 466, quoting *King v. Georgia Power Co.*, 295 F.Supp. 943, 947 (N.D.Ga.1968). The court further stated, "The 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id.

It is not uncommon for retaliatory action to be taken against an employee who files a charge of discrimination, thus the averment as to retaliation, should be construed as growing out of the initial charge of discrimination filed by Ms. Pittman. The decision to terminate and subjection of Ms. Pittman to a hostile work environment occurred after she had complained of discriminatory treatment. In *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir.1997) the Court noted that in order to state a claim for retaliation, plaintiff would have had to allege that defendant moved plaintiff's work station because he complained about the alleged disability harassment or engaged in some other statutorily-protected activity. As stated above, Ms. Pittman entered a written complaint to the defendant concerning the discriminatory treatment that she was subjected to.

As to the argument that there was nothing in the charge of discrimination concerning a male correctional officer whose schedule was altered because of his children, we submit that the argument is without merit. We ask this Court to consider that at the time Ms. Pittman filed the EEOC complaint she was not represented by an attorney. In *Williamson* the Court noted, "The court is not unmindful of the Sanchez court's holding that "the failure to place a check mark in the correct box is [not] a fatal error. In the context of Title VII, no one--not even the unschooled-

- should be boxed out." Sanchez, 431 F.2d at 463. And the court is aware of the Sanchez court's strong leaning toward a liberal interpretation of the factual allegations made in the EEOC charge. However, the Sanchez court was concerned about a layman completing the EEOC charge form, and it indicated that its ruling would have been different if the form had been completed by an attorney: While the distinction between the two types of discrimination [sex and national origin] will undoubtedly be crystal clear to a lawyer delving into the law books to research a legal question, it may not be so apparent to an uneducated layman who is required to put pen to paper and, by filling out a form, to articulate his grievance " 'as best he can without expert legal advice.' " Sanchez, 431 F.2d at 463 n. 4 (quoting Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1005 (5th Cir.1969)". *Williamson at 119,* Footnote 15.

Defendant raises the issue of an unverified charge of discrimination. 29 C.F.R. § 1601.12 relating to the contents and amendment of a charge of discrimination provides in pertinent part that:

" (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. **A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts that constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.** A charge that has been so amended shall not be required to be redeferred." (Emphasis supplied).

In *Edelman v. Lynchburg College, 535 U.S. 106 (2002)*: A unanimous Supreme Court ruled that an unsworn Equal Employment Opportunity Commission (EEOC) charge that is filed on time is valid if it is later sworn or affirmed. The sworn charge "relates back" to the original complaint under EEOC rules, and the rules were upheld as valid.

**Exhaustion and Equitable Modification**

Before instituting a Title VII of the Civil Rights Act of 1964 (Title VI) action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983) (citing, inter alia, 42 U.S.C.A. § 2000e-5(f)(1)). Further, if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter. 42 U.S.C.A. § 2000e-5(f)(1).

In *Pinkard,* the Court held that the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification. See also *Fouche v. Jekyll Island--State Park Authority*, 713 F.2d 1518, 1525 ,1568(Cite as: 89 F.3d 1562, (11th Cir.1983) ( "[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than jurisdictional requirements.").

In *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062 (11th Cir.1994), the Court noted that 42 U.S.C.A. § 2000e-5(f) (1) does not prohibit the EEOC from issuing a right-to-sue letter prior to the expiration of 180 days.

In *Edelman v. Lynchburg College, 535 U.S. 106 (2002)*: A unanimous Supreme Court ruled that an unsworn Equal Employment Opportunity Commission (EEOC) charge that is filed on time is valid if it is later sworn or affirmed. The sworn charge "relates back" to the original complaint under EEOC rules, and the rules were upheld as valid.

**Exhaustion and Equitable Modification**

Before instituting a Title VII of the Civil Rights Act of 1964 (Title VI) action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983) (citing, inter alia, 42 U.S.C.A. § 2000e-5(f)(1)). Further, if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter. 42 U.S.C.A. § 2000e-5(f)(1).

In *Pinkard,* the Court held that the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification. See also *Fouche v. Jekyll Island--State Park Authority*, 713 F.2d 1518, 1525 ,1568(Cite as: 89 F.3d 1562, (11th Cir.1983) ( "[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than jurisdictional requirements.").

In *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062 (11th Cir.1994), the Court noted that 42 U.S.C.A. § 2000e-5(f) (1) does not prohibit the EEOC from issuing a right-to-sue letter prior to the expiration of 180 days.

Defendant has not shown that Ms. Pittman failed to cooperate with the EEOC; indeed, as the deposition of the first charge of discrimination filed in this cause showed there was no chance of an administrative settlement of Ms. Pittman's claim because defendant would not admit that they violated Ms. Pittman civil rights.

**Named Parties in the Equal Employment Opportunity Commission Proceedings**

Defendant, D. T. Marshall contends that the failure to name him as a defendant in the EEOC proceedings precludes a later civil lawsuit against him on the grounds stated in the EEOC complaint. Generally speaking, the EEOC is charged with the task of investigating allegations of civil discrimination and harassment in the employment context and determining whether there is any reason to believe the allegations are true. Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989). This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. However, courts liberally construe this requirement. *Alvarado v. Board of Trustees,* 848 F.2d 457, 460 (4th Cir.1988); *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir. 1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

Where the purposes of Title VII are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts. *Eggleston v. Chicago Journeymen Plumbers' Local* 130, 657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained

the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. Id. at 906-07; *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977). Other factors may be relevant depending on the specific facts of the case.

In the case at bar, it is undisputed that as Sheriff, Defendant Marshal met the factors set out in Eggleston. He does not offer any argument that in contravention of those factors in support of his Motion to Dismiss. Therefore, we submit that the notice and conciliation purposes of Title VII are satisfied in this instance.

**Plaintiff has properly pleaded her claims for sex discrimination and retaliation.**

The complaint is not deficient because it is not an example of what the Eleventh Circuit has often criticized as "shotgun pleadings," where each count "incorporates" all of the preceding paragraphs and counts. See, *Magluta v. Samples*, 256 F.3d 1282 (11th Cir.2001).

A reading of the complaint shows that plaintiff has alleged that she is a member of a protected class (Complaint ¶ 3.), subjected to adverse job action (Complaint ¶ 24.), treated less favorably than a similarly situated male(Complaint ¶ 23).

Contrary to defendant assertion as to the failure to meet the element for establishing that there is a "similarly situated employee' as set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973) the other employees must have engaged in similar—not identical—conduct to qualify as similarly situated. *Anderson v. WBMG-42*, 253. F.3d 561, 565 (11th Cir. 2001).

Unsurprisingly, defendant offers not a single authority in support of their proposition concerning "nearly identical" conduct. As the Supreme Court has made abundantly clear, Federal

Rules of Civil Procedure, Rule 8(a) "do [es] not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)(internal quotes omitted). Instead, "[t]his simplified notice pleading standard [of Rule 8(a) (2)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Thus, for example, it is improper to require a Title VII plaintiff to allege facts supporting a prima facie case of discrimination in order to survive a motion to dismiss. *Jason's Port City Health Club, Inc. v. Hartford Fire Ins. Co.,* 2005 WL 1527692(S.D.Ala. 2005) "A court may dismiss a complaint [for failure to state a claim] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

A more definite statement is appropriate only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Fed.R.Civ.P. 12(e), The rule is commonly invoked in cases of "shotgun pleadings," in which the allegations are so massive and so jumbled that the defendant cannot sort out what is being alleged or against whom. Ms. Pittman's complaint plainly alleges the defendant has discriminated against her by virtue of gender, and its clarity is patently sufficient to enable defendant to admit or deny its straightforward allegations and assert any affirmative defenses.

Based on the above defendant entire argument does not have merit, and therefore the Motion to Dismiss should be denied.

                                                                  Respectfully submitted,

                                                                  Deborah M. Nickson
                                                                  Attorney for Plaintiff
                                                                  2820 Fairlane Drive, A-10
                                                                  Montgomery, Alabama 36116
                                                                  debnicks@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was furnished to Thomas T. Gallion, III and Constance Walker, Haskell, Slaughter, Yong and Gallion, LLC, Attorneys at Law, P. O. Box 4660, Montgomery, Alabama 36103-4660, on this the 24th day of July 2006.

                                                                  Deborah M. Nickson