IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRICIA PITTMAN, | ] |
| Plaintiff, | ] |
| vs. | ] Case Number: 2:06 cv-507-WKW |
| MONTGOMERY COUNTY SHERIFF'S DEPARTMENT; and D.T. MARSHALL, | ] |
| Defendants. | ] |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

COME NOW the Defendant identified in the Complaint as the "Montgomery County Sheriff's Department," and Defendant Sheriff D.T. Marshall, pursuant to Rule 12(b), Fed. R.Civ. P., and submit the following Reply Brief in support of their Motion to Dismiss.

**I. ARGUMENT**

**A.  Dismissal is warranted because the Complaint does not contain discrete claims in separate counts.**

According to Rule 8(a)(2), Fed.R.Civ.P., a plaintiff's complaint must assert "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief. The Supreme Court has also made it clear that a Title VII plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in the complaint, but instead must allege a short statement of the claim showing that the plaintiff is entitled to relief. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510-11 (2002). The Supreme Court's decision in *Swierkiewicz,* however, " did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations

1

without notice of the factual grounds on which they purport to be based." *Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1271 (11th Cir. 2004). "Unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under [Fed.R.Civ.P. 12(b)(6)]." *Id.* at 1271, *citing Wagner v. Daewoo Heavy Indus. Am Corp.,* 289 F.3d 1268 (11th Cir.), *rev'd on other grounds,* 314 F.3d 541 (11th Cir. 2002). Moreover, as part of the minimum pleading requirements, discrete claims must set forth in separate counts. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *see also Jackson,* 372 F.3d at 1270-71 (plaintiff must state claims in separate counts and assert what facts on which he is relying for each claim); *see also, Anderson v. Dist. Bd. of Tr.,* 77 F.3d 364, 366-67 (11th Cir. 1996).

Plaintiff has failed to cure the deficiencies in her Complaint and it should therefore be dismissed. Plaintiff's Complaint contains a section entitled "Nature of Action" wherein Plaintiff states that "this is an action to redress acts of discrimination for gender discrimination and retaliation by the defendants." (Complaint, ¶ 7) The Complaint also contains a section entitled "Statement of Facts" that contains twelve separate paragraphs. In these twelve paragraphs, Plaintiff alleges that she was subject to discriminatory treatment based on sex (¶¶ 19, 24, 25); and a hostile work environment (¶ 24). There is no mention of any retaliation by the Defendants. Plaintiff's Complaint also contains a section entitled "Claim for Relief," wherein Plaintiff avers that she has been discriminated against based on her sex and in retaliation for protesting discriminatory action taken against her. (Complaint, ¶¶ 26-27)

As framed, the Complaint does not have separate counts with supporting facts for each count as required by Rule 10(b), Fed.R.Civ.P. As a result, Defendants are unsure what facts support which

claims. This type of pleading is defective. *See Jackson,* 372 F.3d at 1270-71. Plaintiff's Complaint should therefore be dismissed.

This deficiency is further highlighted by the fact that in their initial Memorandum Brief in support of Motion to Dismiss, Defendants assumed that Plaintiff was claiming two things with respect to her sex discrimination claim: (1) that by ordering her to attend Inmate/Officer Interaction Training, her employer disciplined her in a way that was discriminatory; and (2) that she was discriminated against when she was terminated for failure to attend the mandatory training because "the Defendants allow (sic) a male officer to make adjustments in his schedule because of his children but has refused her the same privilege." (See Defendants' Memorandum Brief in Support of Motion to Dismiss, p. 8, ¶ 1)

In Plaintiff's Response to Defendants' Motion to Dismiss, however, Plaintiff states that she has alleged a claim for sex discrimination based only on (2) above - that she was treated less favorably than a male employee who was allowed to adjust his schedule. (Plaintiff's Response to Motion to Dismiss, p. 8, ¶ 3) Specifically, in her Response to Motion to Dismiss, Plaintiff claims that her Complaint is sufficient because she has alleged that "she is a member of a protected class (Complaint ¶ 3.), subjected to adverse job action (Complaint ¶ 24.), and treated less favorably than a similarly situated male (Complaint, ¶ 23)." (See Plaintiff's Response to Motion to Dismiss, p. 8) In her response, Plaintiff makes no argument of sex discrimination based on the Defendants' order directing Plaintiff to attend training.

It is clear that Plaintiff has not adhered to Rule 10(b)'s requirement that different claims be set forth in separate counts with the facts in each count supporting each claim. Until Plaintiff pleads her claims in this fashion, Defendants cannot be sure what claims are being asserted by the Plaintiff

and what facts support each claim. Defendants are still unsure which facts support Plaintiff's retaliation claim, and Plaintiff's Response to Motion to Dismiss does not provide clarification regarding this claim. Defendants therefore respectfully request that this Court dismiss Plaintiff's Complaint, or in the alternative, order the Plaintiff to replead her claims in discrete counts with supporting facts in each count as required by Rule 10(b), Fed.R.Civ.P.

  **B.** **Dismissal is warranted because some of Plaintiff's claims exceed the scope of her EEOC charge and Plaintiff has failed to exhaust administrative remedies.**

In their initial Brief Motion to Dismiss, Defendants argued that some of the allegations in Plaintiff's Complaint exceed the scope of her EEOC charge for which she has received a right to sue letter. Defendants further argued that these new allegations and claims should not be considered at this time. (Defendant's Memorandum Brief in Support of Motion to Dismiss, pp. 4-6) Specifically, Plaintiff's Complaint states that she was forced to resign due to a "hostile work environment." (Complaint, ¶¶ 24-25) The Complaint also states that "Defendants allowed a male officer to make adjustments in his schedule because of his children but has (sic) refused her the same privilege." (Complaint, ¶ 23) These allegations were not in Plaintiff's EEOC Charge No. 130-2005-07026. In fact, as stated in Defendant's initial Memorandum Brief in Support of their Motion to Dismiss, Plaintiff has filed a second EEOC charge that encompasses some of these allegations and appears to assert claims for hostile work environment, constructive discharge and a second claim for retaliation. (Defendant Brief, p. 5, Ex. 1 thereto)

In her Response to Defendants' Motion to Dismiss, Plaintiff does not dispute the fact that these allegations (¶¶ 23-25) are not in her first EEOC charge, or the fact that she has not received an EEOC right to sue letter on her second charge. Instead, Plaintiff merely argues that these new

4

allegations are like or related to her original allegations and that they arose during the pendency of her original charge before the EEOC. (Plaintiff's Response to Motion to Dismiss, p. 3) This argument is without merit.

In paragraph 20 of the Complaint, Plaintiff claims that she requested that the date selected by the Defendants for training be changed and that she received no response from the Defendants. In paragraph 23 of the Complaint, Plaintiff alleges that the Defendants allowed a male correctional officer to make adjustments in his schedule but refused her the same privilege. According to Plaintiff's Complaint, Defendants' alleged actions in allowing a male officer to adjust his schedule had already occurred but Plaintiff was allegedly not allowed the same privilege. (See Complaint, ¶¶ 20-23) Treating the male more favorably was not something that grew out of Plaintiff's original charge of discrimination during the pendency of the case before the EEOC. According to the Complaint, it was something that had already occurred which gave Plaintiff reason to know that she had been treated unfairly. Since this information was available to the Plaintiff when she filed her original charge with the EEOC, it did not arise out of her charge during the pendency of the charge before the EEOC.

The other new allegations (¶¶ 24-25) are (1) that Plaintiff was subjected to a hostile work environment, and (2) that she was forced to resign from employment. These new allegations are the very allegations that are referenced in Plaintiff's second EEOC charge that is still pending before the EEOC at this time. (See Defendants' Memorandum Brief in Support of Motion to Dismiss, ex. 1 thereto.) Plaintiff has not alleged that she received a notice of right to sue for this second charge. Allowing Plaintiff to circumvent the administrative process by suing on these claims now is not warranted. *See Grayson v. K-Mart Corp.*, 70 F.3d 1086, 1100 (11th Cir. 1996)(recognizing that

under Title VII, plaintiff must first receive a right to sue notice from the EEOC prior to commencing suit); *Pinkard v. Pullman-Standard,* 678 F.2d 1211 (5th Cir. 1982)(recognizing that receipt of a right-to-sue letter is a condition precedent to the assertion of a Title VII claim in court).

Finally, Plaintiff also admits that she did not verify her EEOC charge as required by 42 USC § 2000e-5(b). (Plaintiff's Response to Motion to Dismiss, p. 4) Plaintiff argues, however, that amendments to cure this defect are allowed. This argument does not help the Plaintiff unless and until she does take action to cure the defect. Plaintiff provides no evidence that she has in fact taken action to verify her earlier EEOC charge. Until such evidence is provided to this Court, Plaintiff's Complaint is due to be dismissed for failing to verify the underlying EEOC charge. *Vason v. City of Montgomery, Alabama,* 240 F.3d 905, 907 (11th Cir. 2001).

### C.   Plaintiff has failed to properly plead her claims for sex discrimination.

As noted by the Defendants above, it appears from Plaintiff's Response to the Defendants' Motion to Dismiss, that Plaintiff is now only claiming sex discrimination based on paragraphs 20-25 of the Complaint. (See Plaintiff's Response to Motion to Dismiss, p. 8) In these paragraphs, Plaintiffs claims that Defendants allowed a male officer to make adjustments in his schedule but refused her the same privilege. (Complaint, ¶ 23)

Despite the fact that the allegations in paragraphs 23-25 were not in Plaintiff's original EEOC charge, Plaintiff's sex discrimination claim is also deficient because it fails to state a claim for relief in this case. A complaint is subject to dismissal if the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief. *Jackson,* 372 F.3d at 1262. Here, based on the allegations in the Plaintiff's Complaint, there is no doubt that Plaintiff is not entitled to relief on her claim for sex discrimination.

To adequately plead a sex discrimination claim, Plaintiff must allege that there was a male correctional officer who engaged in misconduct that was "nearly identical" to her misconduct. She must also allege that this male officer was ordered to attend inmate/officer training, that he requested that the training take place on another date, and that Defendants granted his request. *See, Manicciav. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999)("to determine whether the employees are similarly situated, we evaluate 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways'"); *see also, Burke-Fowler v. Orange County, Florida,* 447 F.3d 1319, 1323 (11th Cir. 2006)("the quantity and quality of the comparator's misconduct must be "nearly identical" to prevent courts from second guessing employers' reasonable decisions and confusing apples with oranges .. .").

Plaintiff's Complaint merely alleges in one sentence that a male officer was allowed to make adjustments in his schedule because of his children but she was not allowed to do so. There is no allegation that this male officer was ordered to attend inmate/officer training as was Plaintiff. There is also no allegation that this male engaged in misconduct that was similar to the Plaintiff's misconduct so as to make him a suitable comparator. Plaintiff's allegation of sex discrimination is generalized, conclusory and wholly unsupported by any specific factual averments. *Jackson,* 372 F.3d at 1274. Because Plaintiff has failed to allege and plead that she was treated less favorably than a similarly situated employee outside her protected class, any claim for sex discrimination should be dismissed.

## II. CONCLUSION

Based on the foregoing, Defendants move this Court to dismiss all claims against them in the Plaintiff's Complaint. Defendants further request any other relief to which they may be entitled.

 

_____
Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendants

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by placing a copy of the same in the United States mail, postage prepaid, this the ___9___ day of August, 2006:

Deborah M. Nickson
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116

_____
Of Counsel