**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

| | | |
|---|---|---|
| MONTRICIA PITTMAN, | ) | 2007 APR -5  P 1: 33 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| vs. | ) | Civil Action No. 2:06-cv-507 |
| | ) | |
| MONTGOMERY COUNTY SHERIFF'S | ) | JURY DEMAND |
| DEPARTMENT and D. T. MARSHALL | ) | |
| in his official capacity as Sheriff of | ) | |
| Montgomery County, Alabama, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the defendants f the plaintiffs rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2. Federal subject matter jurisdiction exists pursuant to:

a) 28 U.S.C. §§ 1331, 1343(4) and 1367; and

b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

### PARTIES

3. Plaintiff, Montricia Pittman, (hereinafter "Ms. Pittman"), is a black female and a resident citizen of Montgomery County, Alabama. Ms. Pittman was employed as a correctional officer by the   Montgomery County Sheriff's Department, which is under the supervision of Sheriff D. T. Marshall. Ms. Pittman was employed from as a correctional

officer from April 15, 2004 until February 1, 2006 when she resigned because of the stress of working in a hostile work environment.

4. Defendant, Montgomery County Sheriff's Department (hereinafter "Department"), is an agency of the Montgomery County, Alabama which is this judicial district. The department at all times relevant to this Complaint, was an employer within the meaning of Title VII.

5. Defendant, D. T. Marshall is the duly elected Sheriff of Montgomery County, Alabama was so at all times pertinent to the facts in this cause. (hereinafter "Sheriff").

## COUNT I

### NATURE OF ACTION

6. Ms. Pittman brings this action of unlawful employment practices and acts of intentional sexual harassment and retaliation that occurred during her employment with the department by the Sheriff.

7. This action is to redress acts of discrimination for gender discrimination and retaliation by the defendants. Dr. James E. Webster. This is an action to further redress grievances resulting from the acts of the defendants, its agents, servants, and employees committed with respect to Ms. Pittman's employment.

8. This is an action to redress grievances resulting from unlawful acts of the Defendants in violation of the laws of the State of Alabama.

9. Ms. Pittman seeks award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

10. The actions alleged below constitute acts of continuing violations of the law.

ADMINISTRATIVE PROCEDURES

11. Within 180 days of learning of the acts of discrimination of which she complains, Ms.

Pittman filed a charge of discrimination on or about September 29, 2005, with the Equal

Employment Opportunity Commission (hereinafter "EEOC"), Charge No. 130-20005-07026

(See attached Exhibit 1).

12. Ms. Pittman received a Notice of Right to Sue from the EEOC dated March 7, 2006

(see attached Exhibit 2).

13. All administrative prerequisites for filing suit have been satisfied and Ms. Pittman is

entitled to bring this action.

## STATEMENT OF FACTS

14. Ms. Pittman was on duty at the Montgomery County Detention Facility working on

third shift on the night of June 27, 2005 as a rover and while conducting a security check of

the inmate she was verbally assaulted by an inmate.

15. Ms. Pittman later on the night of June 27, 2005 rechecked the inmate and when he

again verbally abused her and threw urine on her. She sprayed the inmate with mace, open

the cell door where the inmate was confined and ordered him out of the cell.

16. Ms. Pittman reported the incident to her superior.

17. While on duty on the night of July 30, 2005, the same inmate verbally abused Ms.

Pittman.

18. Because of the incidents concerning the inmate, Ms. Pittman was accused of violating

policy by improperly opening the cell door and ordered to report to training.

19. Ms. Pittman in a letter dated August 5, 2005, protested discriminatory treatment in

those male correctional officers had not been disciplined for more serious infractions

informed defendants that she would be unable to attend the training on the designated date, and requested that she be allowed to take the training on a different date.

20. Ms. Pittman was charged with the following violations:

a. Derelict in duty because of her alleged unprofessional responses to the inmate's actions and provocations.

b. Insubordinate to her superior by refusing to report for the training arranged by the superior.

c. Failure to comply with verbal orders given to report for training at a specified time.

21. An investigation was conducted concerning the charges and upon completion of the investigation, on September 12, 2005, Ms. Pittman was informed of her immediate termination for the aforementioned alleged violations.

## CLAIM FOR RELIEF

22. Ms. Pittman is a female and as such is a member of a group protected under Title VII from discrimination because of gender.

23. Ms. Pittman avers that she was discriminated against because of her sex and in retaliation for protesting the discriminatory action taken against her, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff respectfully prays that this court:

a. Award Plaintiff back pay and front pay.

d. Award Plaintiff punitive damages for $75,000.00.

e. Award Plaintiff attorney's fees, including expert witness fees, pursuant to 42 USC 2003-5(k).

f. Award Plaintiff costs, interest, and such other relief, as this Court may deem proper.

COUNT II

RETALIATION FOR PROTECTED ACTIVITY

24. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 5, above, as though fully set forth here.

25. On September 29, 2006, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

26. Plaintiff was accused of harassing Officer A. Stallworth a correctional officer employed by the department and other employees of the department on January 19, 2006.

27. Plaintiff avers that she was approached by Lt. Jackson employed by the department and her supervisor about the situation and informed him that she and Officer Stallworth had a conversation pertaining to his testimony at a personnel hearing wherein Officer Stallworth expressed his disappointment of being served with a subpoena.

28. Plaintiff avers that on that on January 19, 2006 Lt. Jackson questions her about her conversation with Officer Stallworth wherein she informed Lt. Jackson that she would only in the future communicate with Officer Stallworth about work related issues.

29. Plaintiff avers that on January 21, 2006 Lt. Jackson called Officer Motley and asked him to write a statement against me for harassment.

30. Plaintiff avers that on January 23, 2006 Lt. Jackson called Officer Motley and informed him that if he did not make a statement against plaintiff, he would be brought up on charges.

31. Plaintiff avers that because of the confusion and accusations by her superiors she became extremely stressed and could not keep her composure at all times, which placed her in an unsafe position while dealing with inmates.

32. Plaintiff avers that January 25, 2006 she told by Lt. Jackson to report to him during his office hours between 0430 and 0600 hours and when she reported at 0430 hours Lt. Jackson was not in.

33. Plaintiff avers that when she finally got in contact with Lt. Jackson he verbally harass her concerning her conduct which was false on he delivered a letter to her on January 25, 2006 in which she was warned not to participate in activities protected under Title VII of the Civil Rights Act of 1964 as amended.

34. Plaintiff avers that on January 27, 2006, she called defendant Sheriff Marshall and requested a meeting with him regarding the letter and he informed her that he did not have time to talk to her.

35. Because of the action of defendant Sheriff Marshall and thee hostile work environment in concerning her conduct while at work plaintiff became depressed and discouraged, and on the advise of her psychologist resigned her position from the department.

36. On April 28, 2006, plaintiff filed a charge of retaliation with the Equal Employment Opportunity Commission, and received a notice of a right to sue letter dated January 9, 2007 (see attached Exhibit 3).

37. Plaintiff avers that the creation of the hostile work environment by defendant Sheriff Marshall constitutes unlawful and prohibited retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended.

38. Plaintiff avers that the above-described acts done by defendant Sheriff Marshall and his subordinates was in excess of any authority granted to them by law, and were without justification or excuse in law. These acts were a blatant effort to punish plaintiff for filing a

charge of discrimination against the defendants and for seeking recovery for her damages, and to intimate her in he litigation of this action.

WHEREFORE, plaintiff request judgment against the defendants as follows:

a. Compensatory damages in an amount that will fairly and justly compensate plaintiff for the violation of her civil rights, her pain and suffering, and her attorney fees and other expenses.

b. Punitive damages in an amount sufficient to adequately punish defendant and to deter future conduct of the type alleged in this complaint;

c. Demand trial by jury and for the costs of this action and for such other and further relief as this Court deems just and proper.

Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, Ste, A-10
Montgomery, Alabama 36116
334-213-1233
Fax: 334-213-1234

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion To Amend and Amended Complaint has been furnished to Thomas T. Gallion, III and Constance Walker, Haskell, Slaughter, Yong and Gallion, LLC, Attorneys at Law, P. O. Box 4660, Montgomery, Alabama 36103-4660, on this the 4th day of April 2007.

Deborah M. Nickson