IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MONTRICIA PITTMAN,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| vs. ] | Case Number: 2:06CV507-WKW |
| ] | |
| **MONTGOMERY COUNTY SHERIFF'S** ] | |
| **DEPARTMENT; and D.T. MARSHALL,** ] | |
| ] | |
|     **Defendants.** ] | |

**DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT
OF MOTION TO DISMISS**

COME NOW the Defendants identified in the Complaint as the "Montgomery County Sheriff's Department," and Sheriff D.T. Marshall, pursuant to Rule 12(b), Fed. R.Civ. P., and submit the following Memorandum Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 13).

**FACTS**

Plaintiff is a female employed as a correctional officer at the Montgomery County Detention Facility. (Amended Complaint, ¶ 3) In Count I of her Amended Complaint, Plaintiff claims that due to incidents involving her conduct toward an inmate at the detention facility, she was accused of violating policy and ordered to report to Inmate Officer Interaction Training. (Amended Complaint, ¶ 18, ex. 1 thereto) Plaintiff further claims that in a letter dated August 5, 2005, she protested discriminatory treatment in that male correctional officers had not been disciplined for more serious infractions. (Amended Complaint, ¶ 19) Plaintiff also advised the Defendants that she could not

report to training on the designated date. (Amended Complaint, ¶ 19) Plaintiff was subsequently charged with various violations of policy, including insubordination, and after an investigation, on September 12, 2005, Plaintiff claims she was informed of her immediate termination. (Amended Complaint, ¶¶ 20-21) Plaintiff claims that she was discriminated against because of her sex and in retaliation for protesting the discriminatory action taken against her. (Amended Complaint, ¶ 23)

In Count II of the Amended Complaint, Plaintiff claims that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 29, 2006. (Amended Complaint, ¶ 25)[1] Plaintiff further claims that on January 19, 2006, she was accused of harassing officers on the job. (Amended Complaint, ¶ 26) Plaintiff claims that she talked to Officer Stallworth about his testimony at a personnel hearing and he expressed his disappointment about being served with a subpoena. (Amended Complaint ¶ 27) Plaintiff was questioned about this conversation by Lieutenant Jackson and Plaintiff agreed that she would only discuss work-related issues in the future while on the job. (Amended Complaint, ¶ 28) Plaintiff also claims that on January 21, 2006, Lieutenant Jackson contacted Officer Motley and asked him to write a statement against her for harassment. (Amended Complaint, ¶ 29) Plaintiff also claims that on January 23, 2006, Lieutenant Jackson informed Officer Motley that he would be brought up on charges if he did not make a statement against the Plaintiff. (Amended Complaint, ¶ 30) Plaintiff further claims that on January 25, 2006, after trying to meet with Lieutenant Jackson, he verbally harassed her concerning her aforementioned conduct on the job, and delivered a letter to her warning her not to

---

[1] Exhibit 1 to the Amended Complaint shows that the charge was actually filed on September 29, 2005, not September 29, 2006.

participate in activities protected under Title VII. (Amended Complaint, ¶ 33) Plaintiff attempted to discuss this matter with Sheriff Marshall and he told her he did not have time to talk to her. (Amended Complaint, ¶ 34) Plaintiff then became depressed and resigned from her position with the Montgomery County Detention Facility. (Amended Complaint, ¶ 35) On April 28, 2006, Plaintiff filed a charge of retaliation with the EEOC regarding the above incidents. (Amended Complaint, ¶ 36) Plaintiff claims in Count II that the above incidents created a hostile work environment that amounted to unlawful retaliation against her. (Amended Complaint, ¶ 37)

## ARGUMENT

**1.  Plaintiff's claims against the Defendant Montgomery County Sheriff's Department must be dismissed.**

Plaintiff's claims against the entity identified as the "Montgomery County Sheriff's Department" are due to be dismissed because the Montgomery County Sheriff's Department is not a legal entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992)("Under Alabama law, a county sheriff's department lacks the capacity to be sued.")

**2.  Plaintiff failed to properly exhaust administrative remedies.**

Plaintiff's claims against the Defendant D.T. Marshall should also be dismissed because Plaintiff has failed to properly exhaust her administrative remedies prior to filing suit against him. Specifically, Plaintiff failed to verify her EEOC charge filed on September 29, 2005, and the charge filed on April 28, 2006. (Ex. "1" to Plaintiff's Amended Complaint; Ex. 1 to Defendants' Memorandum Brief in Support of Motion to Dismiss filed July 5, 2006). 42 U.S.C. § 2000e-5(b) provides that "charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." The Eleventh Circuit has held that this status mandates that charges be made under oath or affirmation. *Vason v. City of Montgomery,*

*Alabama,* 240 F.3d 905, 907 (11th Cir. 2001). Plaintiff signed her EEOC charge, but she failed to swear or affirm to the truth of the charge. All of her claims should therefore be dismissed.

Plaintiff also named D.T. Marshall as a Defendant in ths case, but she failed to name Sheriff Marshall in her EEOC charges. This also proves fatal to Plaintiff's claim against D.T. Marshall and all such claims against him should be dismissed. 42 U.S.C.. § 2000e(f)(1).

**3.    Plaintiff has failed to properly plead her claims for sex discrimination and retaliation.**

In Count I of the Amended Complaint, Plaintiff asserts a claim for sex discrimination and retaliation. (Amended Complaint, ¶ 23) Plaintiff also appears to assert a second retaliation claim in Count II of the Amended Complaint.

With respect to Plaintiff's first retaliation claim in Count I of the Amended Complaint, Plaintiff fails to allege which facts apply to her retaliation claim, and which facts apply to her sex discrimination claim. Plaintiff's Amended Complaint merely contains a section entitled Count I and then claims that she is entitled to recover for alleged sex discrimination and retaliation. (Amended Complaint, ¶ 23)

According to Rule 8(a)(2), Fed.R.Civ.P., a plaintiff's complaint must assert "a short and plain statement of the claim showing that [the plaintiff ] is entitled to relief. The Supreme Court has also made it clear that a Title VII plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in the complaint, but instead must allege a short statement of the claim showing that the plaintiff is entitled to relief. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510-11 (2002). The Supreme Court's decision in *Swierkiewicz,* however, " did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." *Jackson v. BellSouth*

*Telecommunications,* 372 F.3d 1250, 1271 (11th Cir. 2004). "Unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under [Fed.R.Civ.P. 12(b)(6)]." *Id.* at 1271, *citing Wagner v. Daewoo Heavy Indus. Am Corp.,* 289 F.3d 1268 (11th Cir.), *rev'd on other grounds,* 314 F.3d 541 (11th Cir. 2002). Moreover, as part of the minimum pleading requirements, discrete claims must set forth in separate counts. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *see also Jackson,* 372 F.3d at 1270-71(Rule 10(b), Fed.R.Civ.P., requires that a plaintiff state claims in separate counts and assert what facts on which he is relying for each claim); *Anderson v. Dist. Bd. of Tr.,* 77 F.3d 364, 366-67 (11th Cir. 1996).

A Plaintiff's failure to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes "shotgun pleading." *Byrne v. Nezhat,* 261 F.3d 1075, 1129-30 (11th Cir. 2001). When confronted with such a pleading, if the defendant does not move for a more definite statement, the court on its own may intervene and order the plaintiff to replead his claims. *Id.* at 1133. In the present case Plaintiff has failed to plead facts in discrete counts to support her sex discrimination claim and her first retaliation claim. The counts in Plaintiff's Complaint either have no factual detail to support them, or only the barest factual detail is set forth. These counts also contain unsupported conclusions of law. This type of pleading is defective. *See Jackson,* 372 F.3d at 1270-71. Plaintiff's Amended Complaint should therefore be dismissed, or in the alternative, Plaintiff should be ordered to replead her claims.

**Sex Discrimination Claim in Count I**

With respect to her sex discrimination claim in Count I, Plaintiff appears to claim two things: (1) that she was discriminated against based on her sex when she was ordered to attend the inmate/officer interaction training because male officers had not been disciplined for more serious

infractions; and (2) that she was discriminated against when she was terminated for failure to attend the training.

To survive a motion to dismiss, Plaintiff's Complaint must allege that (1) she was a member of a protected class; (2) that she was subjected to adverse job action; (3) that she was qualified to do the job; and (4) that she was treated less favorably than a similarly situated indivdiual outside her protected class. *Knight v. Baptist Hosp. of Miami, Inc.,* 330 F. 3d 1313, 1316 (11th Cir. 2003). With respect to her claim of sex discrimination, it is imperative that Plaintiff allege and show that she suffered an adverse employment action. *Davis v. Town of Lake Park,* 245 F.3d 1232, 1238 (11th Cir. 2001). Not all conduct by an employer that negatively affects an employee will constitute "adverse employment action." *Id.* To prove adverse employment action for a sex discrimination claim, "an employee must show a serious and material change in the terms, conditions or privileges of employment." *Id.* "Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.* at 1239.

> An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.

*Guputa v. Florida Bd of Regents,* 212 F.3d 571, 587 (11th Cir. 2002)(citations omitted).

To qualify as "adverse employment action," the action must be "materially adverse" in the eyes of a reasonable person in the circumstances; not in the eyes of Plaintiff. Title VII does not provide a remedy for the "ordinary tribulations of the workplace." *Id.* at 587; *see also Davis,* 245 F. 3d at 1241 (holding reprimands did not result in plaintiff suffering any tangible consequences in

6

the form of loss of pay or benefits, and thus did not rise to the level of "adverse employment actions," and noting that "criticisms of an employee's job performance - written or oral - that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit").

Plaintiff's Complaint purporting to allege a claim for sex discrimination in Count I arising out of the order to attend Inmate/Officer Interaction Training, viewed objectively, does not rise to the level of "adverse employment action." Plaintiff does not allege that she lost any benefits or pay as a result of the order to attend training. The order for training was merely a reprimand-type of action that did not lead to tangible job consequences. *Davis,* 245 F. 3d at 1241. The order to attend training is therefore not an "adverse employment action" and cannot support a claim for sex discrimination in Count I of the Amended Complaint.

This claim is also subject to dismissal because Plaintiff has failed to allege that similarly situated males were treated differently than she. "In determining whether employees are similarly situated, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishment imposed." *Silvera v. Orange County School Bd.,* 24 F.3d 1253, 1259 (11th Cir. 2001). "In order to satisfy the similar offense prong, the comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second guessing employers' reasonable decisions." *Id.* at 1259; *see also, Knight,* 330 F. 3d at 1316 (plaintiff must show that the employees are "similarly situated in all relevant respects;" *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.,* 342 F.3d 1281, 1289 (11th Cir. 2003).

In June of 2005, Plaintiff engaged in inappropriate conduct involving an inmate,

7

inappropriately maced the inmate while he was behind a locked cell door, and violated policy regarding security by opening the cell door. Only one month later, in July of 2005, she again engaged in unprofessional behavior with the same inmate. Plaintiff was charged with violation of policy and ordered to attend Inmate/Officer Interaction Training. To adequately plead a sex discrimination claim based on the order to attend training, Plaintiff must allege that there was a male correctional officer who engaged in misconduct that was "nearly identical" to her misconduct in June of 2005, and who, approximately one month later, engaged in misconduct that was "nearly identical" to Plaintiff's misconduct in July of 2005. Plaintiff has failed to do this in the Amended Complaint. Her Amended Complaint merely states that males had not been disciplined for more serious infractions. Without any allegations of a similar comparator, Plaintiff's sex discrimination claim based on the order to attend training must be dismissed.

It also appears that Plaintiff is asserting a claim for discriminatory discharge in Count I of the Amended Complaint. (Amended Complaint, ¶ 21) This claim should also be dismissed for the same reason as noted above. Plaintiff must demonstrate that she was treated less favorably than a similarly situated individual outside her protected class. *Knight,* 330 F. 3d at 1316. Again, Plaintiff has failed to plead that there was a similarly situated male correctional officer who engaged in conduct that was "nearly identical" to hers who was not discharged. Plaintiff has therefore failed to adequately plead a claim for discriminatory discharge and this claim should be dismissed

**Retaliation Claim in Count I**

There are no facts alleged in Count I that support a claim for retaliation. Plaintiff merely states that she "was discriminated against because of her sex and in retaliation for protesting the discriminatory action taken against her, which is a violation of Title VII of the Civil Rights Act of

1964, as amended." (Amended Complaint, ¶ 23)  As a matter of pleading, this claim is defective and should be dismissed. *Magluta,* 256 F.3d at 1284; *Jackson,* 372 F.3d at 1271-72.

If Plaintiff is claiming that she was discharged in retaliation for complaining about having to report to Inmate/Officer Interaction Training, that claim is deficient and must be dismissed.  In her first EEOC charge, Plaintiff appears to claim that she was terminated in retaliation for her August 5, 2005 letter wherein she protested what she claims is discriminatory treatment, i.e., being given a direct order to attend training.  To prevail on a claim for retaliation under Title VII, the Plaintiff must establish (1) that she engaged in an activity protected under Title VII; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Stewart v Happy Herman's Cheshire Bridge, Inc.,* 117 F. 3d 1278, 1287 (11th Cir. 1997).  A plaintiff may be said to engage in such "statutorily protected" speech or activity when he protests an employer's lawful conduct if he demonstrates a good faith, reasonable belief that the employer's action was unlawful. *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998).  The plaintiff reporting unlawful discrimination must have a good faith belief of unlawful discrimination. *Tipton v. Canadian Imperial Bank of Commerce,* 872 F. 2d 1491, 1494 (11th Cir. 1989).  It is insufficient that the plaintiff alleges his belief was honest; the belief, though perhaps mistaken, must be objectively reasonable. *Clover v. Total System Services, Inc.,* 176 F. 3d 1346, 1351 (11th Cir. 1999).  Plaintiff's belief that her employer engaged in an unlawful employment practice must also be measured against existing substantive law. *Id.*

It was not objectively reasonable for Plaintiff to believe that she was being discriminated against based on her sex when she was ordered to attend officer/inmate interaction training.  Plaintiff

9

admits in the Amended Complaint that she was cited for violation of policy on two separate occasions, occurring in the span of only two months, involving inappropriate conduct with the same inmate. It is therefore not unreasonable for Plaintiff to be ordered to attend training on the subject of inmate/officer interaction. Viewed objectively, Plaintiff did not have a reasonable belief that she was being discriminated against when she was ordered to attend training. This causes her retaliation claim with respect to the order of training in Count I to fail.

Plaintiff's Amended Complaint also fails to allege that there were similarly situated male employees (engaging in the same conduct or nearly identical conduct) who were treated more favorably than Plaintiff. In other words, Plaintiff has failed to allege that there was a male who engaged in nearly identical conduct involving an inmate who was disciplined in a more favorable way. Plaintiff merely asserts that although she admittedly violated policy, it was discriminatory to make her attend training. This failure to allege a similarly situated comparator shows that Plaintiff's belief that her employer was discriminating against her was not objectively reasonable. Without such an objectively reasonable belief that she was being discriminated against, Plaintiff's retaliation claim in Count I of the Amended Complaint should be dismissed.

**Retaliation Claim in Count II**

Plaintiff's retaliation claim in Count II should also be dismissed because she has failed to allege that she suffered an adverse employment action. In *Burlington Northern & Santa Fe Railway Co. v. White,* ___ U.S. ___, 126 S.Ct. 2405 (2006), the Supreme Court clarified the standard for the "level of seriousness" to which an employer's retaliatory act must rise before it becomes actionable retaliation: "the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means that it well might have dissuaded a reasonable worker"

from engaging in the protected activity. 126 S.Ct. at 2415. The Court also stated that "it is important to separate significant from trivial harms" because Congress's intent was to prohibit employer actions that are likely to deter employees from engaging in protected activity under Title VII. *Id.* In *White,* the Court held that there was sufficient evidence to support the jury's verdict that the plaintiff's reassignment and thirty-seven day suspension without pay were acts of retaliation. *Id.* at 2416. According to the Court, it was common sense that reassigning an employee to less favorable duties and a suspension without pay for 37 days would be considered a serious hardship in the eyes of a reasonable employee.

In Count II, Plaintiff alleges that she filed her charge of discrimination with the EEOC on September 29, 2005. She further alleges that in January of 2006, she was reprimanded/verbally harassed by her supervisor for discussing personal business (her personnel board hearing) with another employee while on the job. (Amended Complaint, ¶¶ 29-33) She also claims the supervisor also attempted to get the employee to file a complaint against her regarding the matter. Plaintiff does not allege that she lost any pay, benefits or privileges of employment. She merely alleges that she was reprimanded/warned by her supervisor. Being reprimanded for conducting personal business while on the job by her employer is not an adverse employment action. Such a reprimand without any loss of job benefits, pay or privileges is not that type of action that is likely to deter reasonable employees from filing an EEOC charge or engaging in other protected activity. In the eyes of a reasonable employee, this is not the type of serious hardship discussed by the Supreme Court in *White* that is sufficient to support a claim for retaliation under Title VII. *See also, Crawford v. Carroll,* Docket

No. 1:04-cv-089 at * 7-8 (N.D,.Ga. March 8, 2007)(no adverse employment action in retaliation case where plaintiff still maintained job and lost no pay).

Plaintiff has also failed to adequately allege a causal connection between the filing of her EEOC charge and the reprimand. "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta,* 212 F. 3d at 590. Here, Plaintiff alleges that Lieutenant Jackson is the one who reprimanded her for conducting personal business on the job in January of 2006. Plaintiff fails to allege, however, that Lieutenant Jackson knew that she had filed a charge of discrimination with the EEOC in September of 2005. She has therefore failed to adequately plead a retaliation claim in Count II of the Amended Complaint.

Additionally, a plaintiff can satisfy the causal relation if she establishes that there was a "close temporal proximity" between the defendant's knowledge of protected activity, and the adverse action. *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004). The Supreme Court has held that "mere temporal proximity between . . knowledge of protected activity and an adverse . . . action . . must be 'very close;" *Clark County Sch Dist. v. Breeden,* 532 U.S. 268, 273 (2001). The Eleventh Circuit has found a gap of three months to be insufficiently close in a retaliation case. *Higdon,* 393 F.3d at 1220; *see also, Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 397 (8th Cir. 20002)(two month gap insufficient); *Ruhling v. Tribune Co.,* Docket No. CV-04-2430(ARL) at * 19 (E.D.N.Y Jan 3, 2007)(passage of more than two months will defeat the retaliatory nexus).

Plaintiff claims she engaged in protected activity when she field her EEOC charge on September 29, 2005. The alleged retaliatory actions occurred on January 19-25, 2006, almost four

12

months later.  Because there was a substantial delay between the filing of the EEOC charge and the alleged retaliatory conduct, Plaintiff's retaliation claim in Count II fails as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint, and award them any other relief to which they may be entitled.

                                                                   s/ Constance C. Walker
                                                                   Thomas T. Gallion, III (ASB-5295-L74T)
                                                                   Constance C. Walker (ASB-5510-L66C)

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Deborah M. Nickson
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116


                                                  s/ Constance C. Walker
                                                  Of Counsel