**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MONTRICIA PITTMAN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case Number: 2:06CV507-WKW |
| | ] |
| MONTGOMERY COUNTY SHERIFF'S | ] |
| DEPARTMENT; and D.T. MARSHALL, | ] |
| | ] |
| Defendants. | ] |

**RESPONSE TO THE AMENDED AND RESTATED MOTION TO DISMISS OF DEFENDANTS MONTGOMERY COUNTY SHERIFF'S DEPARTMENT AND SHERIFF D.T. MARSHALL**

COME NOW the plaintiff, Montricia Pittman by and through her undersigned attorney in response to the amended and restated previously filed Motion to Dismiss (Doc. # 6) of Defendants and requests that the Court deny the Motion. Plaintiff shows as follows:

1. Plaintiff has adequately pled a claim for sex discrimination.

2. Plaintiff has adequately pled a claim for retaliation.

4. Plaintiff has exhausted all administrative remedies pertaining to her claim against the Defendants.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays that this Court deny to Defendants' Motion to Dismiss.

    /s/ Deborah M. Nickson_____
Deborah M. Nickson  (ASB NIC025)
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116
334-213-1233
334-213-1234 (Fax)

CERTIFICATE OF SERVICE

  I hereby certify that on the _____ day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel:

Thomas T. Gallion, III (ASB-5295-L74T) & Constance C. Walker (ASB-5510-L66C)
HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660

                __/s/ Deborah M. Nickson_____
                Deborah M. Nickson  (ASB NIC025)
                Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRICIA PITTMAN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case Number: 2:06CV507-WKW |
| | ] |
| MONTGOMERY COUNTY SHERIFF'S | ] |
| DEPARTMENT; and D.T. MARSHALL, | ] |
| | ] |
| Defendants. | ] |

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW the Plaintiff and submit the following Memorandum Brief in opposition to the Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 13).

**FACTS**

Plaintiff solely for the purpose of not being redundant adopts the facts as set out in Defendants' brief but not their interpretation of those facts.

**ARGUMENT**

The standard of review on a motion to dismiss is stated in *White v. Highway Patrol*, 928 F.Supp. 1153 (M.D.Fla. 1996): "On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a Plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991). "

Therefore the burden is on defendants to convince this Court that plaintiff cannot prove

any set of facts that would entitle her to relief. As shown in plaintiff response to defendants' previously filed Motion to Dismiss and the response to the amended and restated Motion to Dismiss, defendants have not met the burden to warrant a dismissal of this action.

Plaintiff has exhausted her administrative remedies.

Defendants contends that the "Plaintiff's claims against the Defendant D.T. Marshall should also be dismissed because Plaintiff has failed to properly exhaust her administrative remedies prior to filing suit against him. Specifically, Plaintiff failed to verify her EEOC charge filed on September 29, 2005, and the charge filed on April 28, 2006. (Ex. "1" to Plaintiff's Amended Complaint; Ex. 1 to Defendants' Memorandum Brief in Support of Motion to Dismiss filed July 5, 2006). 42 U.S.C. § 2000e-5(b) provides that "charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."

In *Cobb v. D.T. Marshall*, 481 F.Supp.2d 1248, 1255-1256, (M.D.Ala. 2007) the issue of verification of EEOC charges was addressed. The Court in Cobb noted that "Defendant argues that Plaintiff's Title VII claims should be dismissed due to Plaintiff's purported failure to verify her EEOC charge. As Defendant correctly cites, the relevant EEOC regulations pertaining to a claimant's filing of an EEOC charge provide that a charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2007). Defendant, however, incorrectly assumes that a "verified" charge only includes a sworn charge. As set out in another EEOC regulation, which Defendant did not cite, "verified" means "sworn to or affirmed before a notary public, designated representative of the *1256 Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a) (2007) (emphasis added).

" Here, Plaintiff signed her EEOC charge based upon her declaration "under penalty of perjury that the foregoing is true and correct." (Ex. to Doc. No. 5.) Although unsworn, the EEOC charge was submitted by Plaintiff under penalty of perjury. As such, the court finds that her declaration comports with the requirements of Title VII and the EEOC regulations concerning verification of charges and that Defendant's motion to dismiss on this ground is due to be denied. See, e.g., E.E.O.C. v. Odd Fellows Home of Virginia, Inc., No. Civ. A. 6:04-CV-00046, 2005 WL 1950185, *2 (W.D.Va.2005) (finding that an EEOC complainant who signs the lower left-hand portion of the EEOC template charge, which reads, "I declare under penalty of perjury that the above is true and correct," fulfills Title VII's requirement that a charge be verified)."

As to the execution of the EEOC charge, the facts in this case is identical to the facts in the Cobb's case, therefore we submit that defendants have not met their burden on this issue.

***2. Plaintiff has properly pled her claims for sex discrimination and retaliation.***

Defendant argues that "With respect to Plaintiff's first retaliation claim in Count I of the Amended Complaint, Plaintiff fails to allege which facts apply to her retaliation claim, and which facts apply to her sex discrimination claim. Plaintiff's Amended Complaint merely contains a section entitled Count I and then claims that she is entitled to recover for alleged sex discrimination and retaliation. (Amended Complaint, ¶ 23)"

In *Cobb v. D.T. Marshall*, 481 F.Supp.2d 1248, 1257 (M.D.Ala. 2007) the plaintiff correctional officer stated Title VII claims for retaliation and race discrimination. The defendants objected to the "lack of factual detail" in the complaint relating to those claims.    The Court in finding that the averments in Cobbs' complaint were sufficient to constitute "a short and plain statement" of her Title VII claims for retaliation and race discrimination". The Court further noted that in the employment discrimination context, a Title VII complaint is not subject to a

Rule 12(b)(6) dismissal merely because it fails to allege all of the facts needed to support a prima facie case of discrimination. See Swierkiewicz v. Sorema, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that the prima facie evidentiary standard which applies in Title VII employment discrimination cases is not the standard by which a complaint is measured under Rule 8(a)). Rule 8(a)'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 512, 122 S.Ct. 992."

Defendants further argue in support of their motion the following:

"3. Sex Discrimination Claim in Count I

"With respect to her sex discrimination claim in Count I, Plaintiff appears to claim two things: (1) that she was discriminated against based on her sex when she was ordered to attend the inmate/officer interaction training because male officers had not been disciplined for more serious infractions; and (2) that she was discriminated against when she was terminated for failure to attend the training."

"Retaliation Claim in Count I

"There are no facts alleged in Count I that support a claim for retaliation. Plaintiff merely states that she "was discriminated against because of her sex and in retaliation for protesting the discriminatory action taken against her, which is a violation of Title VII of the Civil Rights Act of 1964, as amended." (Amended Complaint, ¶ 23) As a matter of pleading, this claim is defective and should be dismissed. Magluta, 256 F.3d at 1284; Jackson, 372 F.3d at 1271-72.

"Retaliation Claim in Count II

"Plaintiff's retaliation claim in Count II should also be dismissed because she has failed to allege that she suffered an adverse employment action.

"Plaintiff has also failed to adequately allege a causal connection between the filing of her EEOC charge and the reprimand. "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated."

In considering a similar argument it was noted that " If a defendant needs more information to answer a complaint, the proper response is for that defendant to move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. See Swierkiewicz, 534 U.S. at 514, 122 S.Ct. 992; see also Anderson, 77 F.3d at 366 (a defendant faced with an incomprehensible complaint "is not expected to frame a responsive pleading," but "is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement"). Although Defendant did not expressly request the remedy available to him under Rule 12(e), the court has the "inherent authority" to act on its own and sua sponte direct a plaintiff to replead a complaint. Fikes v. City of Daphne, 79 F.3d 1079, 1083 n. 6 (11th Cir.1996). *Cobb v. D.T. Marshall*, 481 F.Supp.2d 1248, 1260 (M.D.Ala. 2007)

While not conceding that the pleadings are defective that would warrant a granting of a Motion for More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure plaintiff contend that the issues raised by defendants are more appropriate under Rule 12(e) not Rule 12(b).

Based on the foregoing plaintiff submits that the Motion to Dismiss should be denied.

    __/s/ Deborah M. Nickson_____
Deborah M. Nickson  (ASB NIC025)
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116
334-213-1233
334-213-1234 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel:

Thomas T. Gallion, III (ASB-5295-L74T) & Constance C. Walker (ASB-5510-L66C)
HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660

    /s/ Deborah M. Nickson
Deborah M. Nickson  (ASB NIC025)