**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MONTRICIA PITTMAN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **vs.** | ] | **Case Number: 2:06CV507-WKW** |
| | ] | |
| **MONTGOMERY COUNTY SHERIFF'S** | ] | |
| **DEPARTMENT; and D.T. MARSHALL,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM BRIEF**
**IN OPPOSITION TO DEFENDANTS' MOTION**
**TO DISMISS AMENDED COMPLAINT**

COME NOW the Defendants Montgomery County Sheriff's Department and Sheriff D.T.

Marshall, pursuant to Rule 12(b), Fed. R.Civ. P., and submit the following in reply to Plaintiff's

Memorandum Brief in Opposition to Defendants' Motion to Dismiss.

**ARGUMENT**

1.    **Plaintiff's claims against the Defendant Montgomery County Sheriff's**
      **Department must be dismissed.**

In their initial brief in support of their Motion to Dismiss Plaintiff's Amended Complaint,

Defendants argue that all claims against the Defendant identified in the Complaint as the

"Montgomery County Sheriff's Department" should be dismissed because the Montgomery County

Sheriff's Department is not a legal entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210,

1214 (11th Cir. 1992).  Plaintiff has offered nothing to refute this argument.  Defendants therefore

move this Court to dismiss all claims against the Montgomery County Sheriff's Department.

2.    **Exhaustion of administrative remedies.**

Defendants also argue in their Motion to Dismiss that Plaintiff failed to properly verify her

EEOC charges that were filed with the EEOC as required by 42 U.S.C. § 2000e-5(b).  This section

provides that "charges shall be in writing under oath or affirmation and shall contain such

information and be in such form as the Commission requires."  Plaintiff argues that although she did

not submit her charge under oath, it is still valid because she acknowledged that the statements

therein were true under penalty of perjury.  Based on *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314,

1317 (11th Cir. 2001), Defendants submit that Plaintiff is correct and therefore withdraw this ground

of their Motion to Dismiss.

3.    **Plaintiff has failed to properly plead her claims for sex discrimination and retaliation.**

In their Motion to Dismiss, Defendants also argue that Plaintiff has failed to adequately plead

her claims for sex discrimination and retaliation in Count I of the Amended Complaint.  In response,

Plaintiff merely argues that she has satisfied the requirements of Rule 8, Fed.R.Civ.P., of providing

a short and plain statement of her claims.

Plaintiff's Amended Complaint is still deficient and should be dismissed.  Plaintiff has failed

to allege which facts in Count I apply to her retaliation claim, and which facts in Count I apply to

her sex discrimination claim.  Plaintiff's Amended Complaint merely contains a section entitled

Count I that asserts facts and then demands judgment for Defendants' alleged retaliation and sex

discrimination. (Amended Complaint, ¶ 23)

Rule 10(b), Fed.R.Civ.P., provides that "[a]ll averments of claim . . . shall be made in

numbered paragraphs, the contents of each of which shall be limited as far as practicable to a

statement of a single set of circumstances ..."  Additionally, "[e]ach claim founded upon a separate

transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." These rules require the plaintiff to plead each of his claims in separate counts so that the defendant can determine what is being claimed and frame a response. *T.D.S. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)(Tjoflat, J., dissenting). These requirements also assist the court in determining which facts support which claims and whether the plaintiff has stated a claim upon which relief can be granted. *Id; see also, Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1270-71 (11th Cir. 2004)(Rule 10(b), Fed.R.Civ.P., requires that a plaintiff state claims in separate counts and assert what facts on which he is relying for each claim); *Anderson v. Dist. Bd. of Tr.,* 77 F.3d 364, 366-67 (11th Cir. 1996).

Plaintiff has asserted a retaliation claim and sex discrimination claim in Count I of the Amended Complaint. Defendant is unable to determine which facts support which claim. Plaintiff should therefore be ordered to replead these claims, or the claims should be dismissed.

In their Motion to Dismiss, Defendants also assert numerous other arguments as to the claims in Count I, and also the claim for retaliation in Count II of the Amended Complaint. Plaintiff does not address any of these arguments, and instead merely states that if her Complaint is not sufficient, she should be allowed to replead her claims.

Defendants submit that Plaintiff has already filed a Complaint and an Amended Complaint, both of which have failed to adequately state claims for relief. While requiring the plaintiff to replead a complaint is usually the appropriate remedy, repeated failure to adequately plead claims will justify dismissal of a plaintiff's claims. *Neild v. Wolpoff & Abramson, LLP,* 453 F.Supp.2d 918, 922 (E.D.Va.2006). Accordingly, Defendants respectfully move this Court to dismiss Plaintiff's

claims against them, and grant them any other relief to which they may be entitled.

s/ Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants Sheriff D.T.
Marshall and Montgomery County Sheriff's
Department

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th  day of June, 2007, I electronically filed the foregoing with

the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the

following counsel:


Deborah M. Nickson
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116




s/ Constance C. Walker
Of Counsel