IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MONTRICIA PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-507-WKW |
| | ) | |
| MONTGOMERY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Amended and Restated Motion to Dismiss (Doc. # 14) of the Montgomery County Sheriff's Department and Sheriff D.T. Marshall ("Defendants"). Montricia Pittman ("Pittman"), a former correctional officer with the Montgomery County Sheriff's Department, brings claims of gender discrimination and retaliation pursuant to a September 29, 2005 Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and claims of retaliation and hostile work environment stemming from an April 20, 2006 EEOC charge. For the reasons set out herein, the motion is due to be GRANTED IN PART and DENIED IN PART.

**I. FACTS AND PROCEDURAL HISTORY**

On June 27, 2005, an inmate at the Montgomery County Sheriff's Department verbally abused Officer Pittman and threw urine on her. She sprayed the inmate with mace, opened his cell door, and ordered him out of his cell in response to his verbally abusing her and throwing urine on her. (Am. Compl. ¶ 15.) Pittman was subsequently accused of violating policy for opening the cell door and ordered to report to training. (*Id*. at ¶ 18.) In a letter dated August 5, 2005, Pittman

complained that male officers had not been disciplined for more serious infractions and requested that her training be rescheduled because of a conflict. (*Id*. at ¶ 19.) An investigation ensued. (*Id*. at ¶ 21.) On September 12, 2005, Pittman alleges she was discharged because of her violation of policy and failure to report to training. (*Id*. at ¶ 20-21.)

Pittman's first EEOC Charge of Discrimination was filed on September 29, 2005 (Doc. # 1-2), in which she claimed gender discrimination and retaliation occurring between August 10, 2005, and September 12, 2005. (*Id*.) The Montgomery County Sheriff's Department was named in the charge. (*Id*.) No individual was named in it. The EEOC issued a Right to Sue letter on March 7, 2006. (*Id*.)

Pittman also filed an EEOC Charge of Discrimination on April 28, 2006, claiming retaliation for the first EEOC charge.[1] She claimed the retaliation occurred between January 13, 2006, and January 27, 2006. (Doc. # 7-2.) Again she named the Montgomery County Sheriff's Department. On January 9, 2007, the EEOC issued a Right-To-Sue letter. (Doc. # 11-5.)

Concerning her second EEOC charge, Pittman identifies an Officer Stallworth who she suggests was unwillingly subpoenaed to testify against her in a personnel hearing. (Am. Compl. ¶¶ 26-28.) She also identifies a Lt. Jackson ("Jackson") who she claims, on January 23, 2006, attempted to blackmail another officer into filing a complaint against her. (*Id*. at ¶ 29-30.) Pittman further claims that Jackson made false accusations about her and that he delivered a letter to her on January 25, 2006, warning her not to participate in activities protected under Title VII of the Civil Rights Act of 1964. (*Id*. at ¶ 33.) Although Pittman attempted to meet with Defendant Sheriff D.T.

---

[1] No explanation is provided in any of Pittman's complaints or responses to the defendants' motions to dismiss as to how she could have been terminated in September 2005 yet remained employed until February 2006, when she was forced to resign.

Marshall ("Marshall"), he told her he did not have time to speak with her.  (*Id*. at ¶ 34.)

Pittman filed her Amended Complaint on May 24, 2007.  (Doc. # 13.)  The defendants filed their Amended and Restated Motion to Dismiss on June 6.  (Doc. # 14.)  Pittman responded (Doc. # 16) and the defendants replied (Doc. # 22.)

## II.  JURISDICTION AND VENUE

Because this case arises under Title VII and Section 1981, the court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## III.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citation omitted).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).  The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl*., 127 S. Ct. at 1974.

## IV. DISCUSSION

### A. *Capacity of Defendant*

To be sued under Title VII, a defendant must be a legal entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Id.* at 1214. "[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean,* 951 F.2d at 125 (citing *White v. Birch*, 582 So. 2d 1085, 1087 (Ala. 1991)). Thus, Pittman's claims against the Montgomery County Sheriff's Department will be dismissed.

### B. *Exhaustion of Administrative Remedies*

Defendants move to dismiss all claims against Marshall because he is not named in either of Pittman's EEOC charges. However, the plaintiff is not required to name a party if the purposes of the general naming requirement are otherwise met. *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F. Ed 1350, 1358 (11th Cir. 1994). The purposes are met when the charged party is notified of the allegations and has the opportunity to voluntarily comply with the requirements of Title VII. *Id.* Coincidentally, in another case brought by a correctional officer against Marshall under Title VII, Judge De Ment stated that "Defendant, in his capacity as the Sheriff of Montgomery County, has substantially the same identity as the Montgomery County Sheriff's Department. As such and absent any indication to the contrary, the court concludes that it is reasonable to assume that Defendant had notice of Plaintiff's charge and that the above purposes were fulfilled." *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1256 (M.D. Ala. 2007).

Pittman claims she attempted to speak with Marshall about her complaints before filing her

second EEOC complaint but that he stated he did not have time to speak to her.  This allegation lends

credence to the argument that Marshall had sufficient opportunity to address Pittman's Title VII

claims.  Marshall has provided no reason to dispute that he had notice of the allegations in this case

and time to address them.  For these reasons, the court finds that the purpose of the naming

requirement in an EEOC charge has been met, and the motion will be denied in that respect.

**C.    *Pleading Requirements of Pittman's Substantive Claims***

Defendants argue that the plaintiff has not alleged sufficient facts to support her claims for

gender discrimination or retaliation.  Plaintiffs in employment discrimination cases are not required

to allege facts sufficient to establish a prima facie case under the *McDonnell Douglas* standard.

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002), because this is an evidentiary standard

rather than a pleading standard.  *Id*. at 510.  Federal Rule of Civil Procedure 8(a)(2) requires only

that a complaint include "a short and plain statement of the claim showing that the pleader is entitled

to relief."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests.  This simplified notice pleading

standard relies on liberal discovery rules and summary judgment motions to define disputed facts

and issues and to dispose of unmeritorious claims."  *Swierkiewicz*, 534 U.S. at 512 (internal

quotation marks and citations omitted).

However, *Swierkiewicz* "did not even remotely suggest that a pleading could survive

dismissal when it consisted of only the barest of conclusory allegations without notice of the factual

grounds on which they purport to be based." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250,

1270-71 (11th Cir. 2004).  "Pleadings must be something more than an ingenious academic exercise

in the conceivable." *Id*. at 1271 (internal quotation marks and citations omitted).  "A complaint must

contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic*, 127 S. Ct. at 1969 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).[2]

A plaintiff's failure to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes shotgun pleading. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). "[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *Id*. at 1133. With these rules in mind, the court will address each claim.

1.     **Count I: Gender Discrimination**

Defendants argue that Pittman has not properly pleaded her gender discrimination claim because an order to attend training is not an adverse employment action and she has not adequately alleged that similarly situated male correctional officers were treated more favorably. The elements of a gender discrimination claim are that (1) the plaintiff was a member of a protected class; (2) that she was subjected to adverse job action; (3) that she was qualified to do the job; and (4) that she was treated less favorably than a similarly situated individual outside her protected class. *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

a. Adverse Employment Action

Defendants correctly note that "[a]n adverse employment action is an ultimate employment

---

[2] The Supreme Court recently clarified the following language set out in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957): "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." This language, wrote the majority, "can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Id*. at 1968.

decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (internal quotation marks and citations omitted). The "action must be materially adverse as viewed by a reasonable person in the circumstances." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Criticism of an employee or a negative performance evaluation does not constitute an adverse employment action unless it leads "to a more tangible form of adverse action." *Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir. 2006) (citing *Davis*, 245 F.3d at 1241).

Pittman alleges both that she was ordered to attend training and that she was terminated after she failed to attend training, but she does not expressly allege that one of these actions constitutes an adverse job action for the purposes of her discrimination claim. The training Pittman was required to attend is not in itself an adverse employment action and the training itself did not lead to Pittman's termination. However, the termination is unquestionably an adverse employment action. While the court, in its discretion, elects not to penalize Pittman for her failure to specify that the adverse employment action was her termination, she can more clearly plead the matter in the second amended complaint, to be ordered herein.

b. Similarly Situated Males Treated More Favorably

Pittman is required to allege that similarly situated males were treated more favorably. Technically, she fails to do so when she alleges that she complained to Defendants that male correctional officers had not been disciplined for more serious violations of policy. Again, in its discretion, the court finds that Pittman's defective complaint is not fatal. Her factual statement in

her amended complaint is sufficient to serve as the necessary allegation under the liberal pleading standard.[3]

However, Defendants claim that the statement "similarly situated officers were not disciplined for more serious violations of policy" is still deficient because, they claim, it does not allege that the officers are sufficiently similar. Pittman must allege, Defendants claim, that a male who committed a violation twice in a month[4] was not disciplined. The court disagrees. Pittman can prove particular male correctional officers are similarly situated in other ways than by showing that they committed the same violation twice in a month. The fact alone that some committed more serious infractions might qualify them as similarly situated. Pittman is not required to plead what she is not required to prove to establish a prima facie case under *McDonnell Douglas*. *See Swierkiewicz*, 534 U.S. at 511-12 ("It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits . . . .").[5]

     2. Count 1: Retaliation

---

[3] Again, the plaintiff should take the opportunity in the second amended complaint to plead the matter more precisely.

[4] In their Amended and Restated Motion to Dismiss, Defendants assert that Pittman twice violated policy before being ordered to training and that Pittman admitted this fact in her Amended Complaint. (Doc. # 14.) However, the court can find no such admission in the complaint and as such the factual statement may not be considered.

[5] Pre-*Bell Atlantic* precedent in this circuit suggests that this allegation is sufficient. *See Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257 (M.D. Ala. 2007) ("Plaintiff, who is an African-American female, also has pleaded that she was disciplined more harshly than other similarly-situated Caucasian employees and was denied certain benefits which other similarly-situated Caucasian employees received. The court finds that these averments are sufficient to constitute "a short and plain statement" of her Title VII claims for retaliation) (internal citations omitted); *Thomas v. Ala. State Dept. of Mental Health & Mental Retardation*, 2005 WL 1389875 (M.D. Ala. 2005) (alleging that a position was filled by a less qualified applicant in a discriminatory non-selection case was sufficient for Rule 8 purposes).

Pittman alleges that she complained to defendants about a discriminatory practice, *i.e.*, that male correctional officers were not ordered to attend training after more serious infractions, and that she was subsequently terminated in retaliation for complaining.[6] However, discrete claims must be set forth in separate counts, which Pittman failed to do with respect to her first claim of retaliation. Fed. R. Civ. P 10(b). She must replead her Count I claim of retaliation in a separate count.

3. Count II: Retaliation

The pleading of Count II does not pass muster for a number of reasons. First, it is replete with contradictions and obvious factual errors. For instance, paragraph twenty-five recounts that an EEOC charge of discrimination was filed on September 29, 2006, but then begins to recite facts that occurred in January 2006, nine months earlier. (Pittman's original complaint had an attachment indicating the filing of an EEOC charge on September 29, 2005.) Even more puzzling is the contradiction between paragraph twenty-one, stating Pittman's termination from employment on September 12, 2005, and the obvious implication that she was either still employed, or had been re-employed at the sheriff's department, by January 2006, as recounted in Count II. Second, Count II fails to specify the date she resigned her position from the department, a fact which is legally significant in several respects. Third, in paragraph thirty-three, the court can discern that a letter from Lt. Jackson warned Pittman not to participate in protected activities, but the court cannot make sense of the statement, " . . . he verbally harass her concerning her conduct which was false on he delivered a letter . . . ." (Compl. ¶ 33.) Finally, the identity of Officer Motley, and his connection

---

[6] The elements of a Title VII claim require Pittman to allege that (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Stewart v Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1287 (11th Cir. 1997).

to the events in the complaint, are entirely unclear.[7]  Again, the court, in its discretion, will allow Pittman to replead her complaint.

### V.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.    Defendants' Motion to Dismiss (Doc. # 6) is DENIED as MOOT.

2.    All claims against The Montgomery County Sheriff's Department are DISMISSED.

3.    Defendants' Amended Motion to Dismiss (Doc. # 14) is GRANTED IN PART and DENIED IN PART, as set forth above;

4.    Pittman shall replead her complaint to cure deficiencies in her Amended Complaint and shall file the Second Amended Complaint on or before August 31, 2007. Specifically, Pittman shall explain the discrepancy between her supposed termination in September 2005 and her resignation in February 2006, shall separate the Count I retaliation claim into a separate count, and shall correct all other pleading deficiencies noted in the opinion.

DONE this 22nd day of August, 2007.

_/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

---

[7] Moreover, in paragraph seven, the name "Dr. James E. Webster" inexplicably appears between sentences. The overall factual, grammatical, and structural composition of the complaint suggests less than serious attention to detail in the drafting process.  The court expects more from pleadings prepared by counsel, including the second amended complaint ordered herein.