**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MONTRICIA PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:06-cv-507 |
| | ) |
| D. T. MARSHALL | ) JURY DEMAND |
| in his official capacity as Sheriff of | ) |
| Montgomery County, Alabama, | ) |
| | ) |
| Defendants. | ) |

---

**SECOND AMENDED COMPLAINT**

---

COMES NOW the Plaintiff, Montricia Pittman, (hereinafter "Ms. Pittman"), by and through her attorney and for her Complaint against the Defendant, Sheriff D. T. Marshall, (hereinafter "Sheriff Marshall"), states and avers as follows:

**NATURE OF ACTION**

1. Ms. Pittman brings this action of unlawful employment practices, acts of intentional gender discrimination, and retaliation that occurred during her employment with the Montgomery County Sheriff's Department, which is led and administered by Sheriff Marshall.

2. This action is to redress acts of discrimination for gender discrimination and retaliation by Sheriff Marshall, and to further redress grievances resulting from the acts of Sheriff Marshall, his agents, servants, and employees committed with respect to Ms. Pittman's employment.

3. This is an action to redress grievances resulting from the unlawful acts of Sheriff Marshall which was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the laws of the State of Alabama.

4. Ms. Pittman seeks legal and equitable relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the laws of the State of Alabama.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked exists pursuant to, 28 U.S.C. §§ 1331, 1343(4) and 1367; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

6. The unlawful employment practices complained of in this Complaint were committed in Montgomery County, Alabama which is within the Middle District of the United States District Court of the State of Alabama thus venue is proper pursuant to 28 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e,-5(f)(3).

## PARTIES

7. Ms. Pittman is a black female and a resident citizen of Montgomery County, Alabama

8. Ms. Pittman was employed as a correctional officer with the Montgomery County Sheriff's Department, which is under the supervision of Sheriff. Marshall.

9. Sheriff Marshall is the duly elected Sheriff of Montgomery County, Alabama and he was so at all times pertinent to the facts in this cause.

## ADMINISTRATIVE PROCEDURES

10. Ms. Pittman within 180 days of learning of the acts of discrimination of which she complains in Counts I & II, filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), which was assigned Charge No. 130-2005-07026.
(See attached Exhibit 1).

11. Ms. Pittman received a Notice of Right to Sue from the EEOC dated March 7, 2006 for Charge No. 130-2005-07026. (See attached Exhibit 2).

12. Ms. Pittman within 180 days of learning of the acts of retaliation of which she complains in Count III, filed a charge of discrimination with the EEOC a charged of discrimination averring that she was the subjected to retaliation because she appealed her termination. The charge was assigned Charge No. 420-2006 - 02259.

13. Ms. Pittman received a Notice of Right to Sue from the EEOC dated January 9, 2007 for Charge No. 420-2006 - 02259. (See attached Exhibit 3).

## STATEMENT OF FACTS

14. Ms. Pittman was on duty at the Montgomery County Detention Facility working the third shift on the night of June 27, 2005 as a rover and while conducting a security check of The inmates when an inmate verbally assaulted her.

15. Later on the night of June 27, 2005, Ms. Pittman rechecked the inmate and again he verbally abused her and threw urine on her. She sprayed the inmate with mace, opened the cell door where the inmate was confined, and ordered him out of the cell.

16. Ms. Pittman reported the incident to her superior.

17. While on duty on the night of July 30, 2005, the same inmate again verbally abused Ms. Pittman.

18. Ms. Pittman was accused of violating the Montgomery County Sheriff's Department's policy by improperly opening the cell door where the inmate was incarcerated and ordered to report to training.

19. A male correctional officer had a confrontation with an inmate in the open bay area of the county jail and sprayed mace in the area, which was in violation of the policy regarding confrontation with inmates; however, the officer was not required to submit to training.

20. On another occasion, another male correctional officer had a verbal confrontation with an inmate who threw liquid on him; however, the officer was not required to submit to training.

21. Ms. Pittman in a letter dated August 5, 2005, protesting discriminatory treatment against her because male correctional officers was not disciplined for more serious infractions, and wherein she requested that she be allowed to take the training on a different date because she would not be able to attend the designated date.

22. Ms. Pittman was charged with the following violations:

a. Derelict in duty because of her alleged unprofessional responses to the inmate's actions and provocations.

b. Insubordinate to her supervisor by refusing to report for the training arranged by the supervisor.

c. Failure to comply with verbal orders given to for training at a specified time.

23. An investigation was conducted concerning the charges and upon completion of the investigation on September 12, 2005, Ms. Pittman was informed of her immediate termination for the aforementioned alleged violations.

24. Ms. Pittman appealed the termination to the City – County of Montgomery Personnel Department and the department reinstated her without back pay effective January 3, 2006 on the condition that she completes the Inmate/Officer Relations Training within ten days following the reinstatement.

## COUNT I

*GENDER DISCRIMINATION*

25. Ms. Pittman incorporates by reference the allegations contained in paragraphs 1-11, and 14-23 as though fully set forth here.

26. Ms. Pittman avers that as described in paragraph 20 of this Complaint, Sheriff Marshall required to take training for her actions that was not required of similarly situated male correctional officers who had violated the policy of the Montgomery County Sheriff's Department in regards to the conduct and reaction of correctional officers toward inmates by correctional officers.

27. Ms. Pittman avers that because she is a female and is a member of a group she is protected under Title VII from discrimination because of gender.

28. Ms. Pittman avers that the actions of Sheriff Marshall amounted to discrimination in the terms, conditions, and privileges of her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Ms. Pittman respectfully prays that this court will:

a. Award back pay and front pay.

d. Award punitive damages for $75,000.00.

e. Award attorney's fees, including expert witness fees, pursuant to 42 USC 2003-5(k).

f. Award costs, interest, and such other relief, as this Court may deem proper.

## COUNT II.

*RETALIATION*

29. Ms. Pittman incorporates by reference the allegations contained in paragraphs 1-11, and 14-23 above, as though fully set forth here.

30. Ms. Pittman avers that after she delivered a letter dated August 5, 2005, protesting the discriminatory treatment as described in paragraph 21, was informed that she was terminated as an employee effective on September 12, 2005.

31. Ms. Pittman avers that the action of Sheriff Marshall in terminating her without any justification nor was it based upon a legitimate interest relating to the job, and was performed maliciously and with the sole purpose of retaliating against her for protesting the discriminatory actions rendered against her because of her gender.

WHEREFORE, Ms. Pittman respectfully prays that this court will:

a. Award back pay and front pay.

d. Award punitive damages for $75,000.00.

e. Award attorney's fees, including expert witness fees, pursuant to 42 USC 2003-5(k).

f. Award costs, interest, and such other relief, as this Court may deem proper.

## COUNT III

*RETALIATION*

32. Ms. Pittman incorporates by reference the allegations contained in paragraphs 1-9, 12-13 and 24 as though fully set forth here.

33. Ms. Pittman avers that after she was reinstated to her job, she was accused of harassing Officer A. Stallworth a correctional officer employed by the department and other employees of the department on January 19, 2006.

34. Ms. Pittman avers that Lt. Jackson approached her about the situation, and she informed him that she and Officer Stallworth had a conversation pertaining to his testimony at a personnel hearing wherein Officer Stallworth expressed his disappointment at being served with a subpoena.

35. Ms. Pittman avers that on January 19, 2006 Lt. Jackson questioned her about the conversation with Officer Stallworth wherein she informed Lt. Jackson that she would only in the future communicate with Officer Stallworth about work-related issues.

36. Ms. Pittman avers that on January 21, 2006, Lt. Jackson called Officer Motley who at that time was employed as a correctional officer with the Montgomery County Sheriff's Department, and asked him to write a statement against her for harassment.

37. Ms. Pittman avers that on January 23, 2006 Lt. Jackson called Officer Motley and informed him that if he did not make a statement against her, he would be brought up on charges.

38. Ms. Pittman avers that on January 25, 2006, Lt. Jackson ordered her to report to his office hours between 0430 and 0600 hours and when she reported at 0430 hours, Lt. Jackson was not in his office.

39. Ms. Pittman avers that when she finally got in contact with Lt. Jackson later on January 25, 2005, he verbally harassed her concerning her conduct, and handed a letter to her in which she was warned not to participate in any activities on the job unless the activities were job related.

40. Ms. Pittman avers that on January 27, 2006, she called Sheriff Marshall, and requested a meeting with him regarding the letter; however, he informed her that he did not have time to meet with her.

41. Ms. Pittman avers that because of the confusion and accusations by her superiors she became extremely stressed and could not keep her composure at all times, which placed her in an unsafe position with inmates.

42. Ms. Pittman avers that because of the action of Sheriff Marshall and the hostile work Environment she became depressed and discouraged, and on the advice of her psychologist resigned her position from the department effective in February 2006.

43. Ms. Pittman avers that the creation of the hostile work environment by Sheriff Marshall constituted unlawful and prohibited retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended.

44. Ms. Pittman avers that the action of Sheriff Marshall and his subordinates was in excess of any authority granted to them by law and without justification or excuse in law. These acts were a blatant effort to punish plaintiff for filing a charge of discrimination against the defendants and for seeking recovery for her damages, and to intimidate her in the litigation of this action.

WHEREFORE, Ms. Pittman requests judgment against the Sheriff Marshall as follows:

a. Compensatory damages in an amount that will fairly and justly compensate her for the violation of her civil rights, her pain and suffering, and her attorney fees and other expenses.

b. Punitive damages in an amount sufficient to adequately punish Sheriff Marshall and to deter future conduct of the type alleged in this complaint;

c. Demand trial by jury and for the costs of this action and for such other and further relief as this Court deems just and proper.

/s/ Deborah M. Nickson
Deborah M. Nickson (NIC025)
Attorney for Plaintiff
2820 Fairlane Drive, Ste, A-10
Montgomery, Alabama 36116
334-213-1233

## CERTIFICATE OF SERVICE

I hereby certify that I have this 31st day of August 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send notification of this filing to the following:

Haskell, Slaughter, Yong, and Gallion, LLC
Hon. Thomas T. Gallion, III
P.O. Box 4660
Montgomery, AL. 36103
Haskell, Slaughter, Yong, and Gallion, LLC
Hon. Constance Walker
P.O. Box 4660
Montgomery, AL. 36103

/s/ Deborah M. Nickson
Deborah M. Nickson (NIC025)