IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MONTRICIA PITTMAN,     ]
                       ]
        Plaintiff,     ]
                       ]
vs.                    ]   Case Number: 2:06CV507-WKW
                       ]
D.T. MARSHALL,         ]
                       ]
        Defendant.     ]

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, Montricia Pittman, and submits the following Memorandum Brief in Support of Plaintiff's opposition the Motion to Dismiss the Second Amended Complaint. (Doc. # 25).

STANDARDS FOR CONSIDERING MOTIONS TO DISMISS

The Court must accept Plaintiff's allegations contained within the Complaint as true for purposes of Defendant's motion to dismiss. See, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Further, the Complaint must be construed in the light most favorable to the Plaintiff. See S & Davis Int'l, Inc. v. Yemen, 218 F.3d 1292 (11th Cir. 2000). A claim should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts in support of the claims that would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon*, 467 U.S. at 73; *Bischoff v. Osceola County*, 222 F.3d 874 (11th Cir. 2000).

PROCEDURAL HISTORY

Plaintiff having reviewed Defendant's statement of the procedural history in the memorandum brief in support of the Motion to Dismiss hereby adopts the same in support of her opposition to the said Motion to Dismiss.

FACTS

Defendant is his statement of the facts fails to refer to paragraph 17 of the complaint which states that: "While on duty on the night of July 30, 2005, the same inmate again verbally abused Ms. Pittman." There is nothing in the complaint that plaintiff engaged in appropriate conduct towards an inmate. In paragraph 21 of the complaint it is averred that, plaintiff in a letter dated, August 5, 2005, protesting discriminatory treatment on the grounds that male correctional officers were not disciplined for more serious infractions. Plaintiff also requested that date of the training be rescheduled because due to family matters she would not be able to attend the designated date. Because plaintiff was unable to attend the retraining session, her employment was terminated by the defendant. (Second Amended Complaint, ¶ 23)   Plaintiff appealed the termination and the defendant was ordered to reinstate her without back pay, effective January 3, 2006. (Second Amended Complaint, ¶ 24)

ARGUMENT

COUNT I

Plaintiff contrary to defendant's assertion has stated a claim for gender discrimination. Defendant's argument in support of his position for dismissal of Count I, that plaintiff gender discrimination claim must be dismissed because she was not subjected to adverse employment action must fail. We disagree!  Defendant reliance on, *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F. 3d 1313, 1316 (11th Cir. 2003) which held that to survive a motion to dismiss, the complaint must allege that plaintiff (1) was a member of a protected class; (2) was subjected to adverse job action; (3) was qualified to do the job; and (4) was treated less favorably than a similarly situated individual outside her protected class in support of his argument is misplaced.. A review of the averments in the complaint clearly shows that Knight rather than supporting

defendant's position, supports plaintiff's position. In this action, plaintiff fulfilled all elements for a claim of gender discrimination as set out in *Knight*. It is undisputed that male correctional officers were not required to submit to retraining. It cannot be reasonable disputed that a notation in plaintiff's personnel file would adversely affect her future opportunity for advancement and increased compensation.

To take the position that retraining because of an alleged violation by the employee would not alter the employee's compensation, terms, conditions, or privileges of employment would be untenable. Thus, defendant's reliance also on *Guputa v. Florida Bd of Regents*, 212 F.3d 571, 587 (11th Cir. 2002) is misplaced.

The training and the reason for such training and its consequences as noted above contrary to defendant's assertion an adverse employment action, therefore the Motion to Dismiss should be denied.

COUNT II
    Plaintiff has stated a claim for Retaliation.

Defendant in support of his argument that plaintiff has failed to state a claim for retaliation in Count II based their argument on the premises that plaintiff had two improper encounters with an inmate. Defendant's statements that, "Plaintiff alleges that she had improper encounters with the same inmate on two occasions. On the first occasion, Plaintiff violated security by opening the inmate's cell door and ordering him out of the cell. (Second Amended Complaint, ¶ 15) A month later, plaintiff had an inappropriate confrontation with the same inmate involved in the earlier incident. (Second Amended Complaint, ¶ 17)" is incorrect. A review of paragraph 17 of the Second Amended Complaint shows that plaintiff averred that "While on duty on the night of July 30, 2005, the same inmate again verbally abused Ms. Pittman." There is no averment that a "second improper encounter" occurred. We ask this Court

to take judicial notice that in the course supervising inmates; verbal abuse from the inmates is common, and quite often does not involve any inappropriate conduct or provocation by the correctional officer supervising the inmates. Thus, defendant's argument that the male correctional officers cited by plaintiff had engaged in only one instance of improper behavior while plaintiff had engaged in two instances of improper behavior do not support his argument, that plaintiff had failed to show nearly identically conduct by a male officer. Thus, purely for the sake of argument and not an admission that plaintiff engaged in any inappropriate conduct, plaintiff only had one "inappropriate confrontation" with an inmate. Therefore, Defendant reliance on *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999), is misplaced.

Under the standard for consideration of a Motion to Dismiss, the Court must (1) accept Plaintiff's allegations contained within the Complaint as true, (2) the Complaint must be construed in the light most favorable to the Plaintiff, and (3) a claim should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts in support of the claims that would entitle her to relief. We submit that defendant has not submitted any facts to support the Motion to Dismiss.

COUNT III
    Plaintiff has stated a claim for Retaliation.

A review of the undisputed facts shows that plaintiff complained about gender discrimination. Her employment was terminated. She appealed the termination. The termination was reversed. Plaintiff was subjected to increase scrutiny by her supervisors. Because of the scrutiny plaintiff was subjected to a hostile work environment such that on the advice of her doctor she resigned as a correctional officer. Thus, rather than the holding in *Burlington Northern & Santa Fe Railway* Co. v. White, ___ U.S. ___, 126 S.Ct. 2405 (2006), in which the Supreme Court clarified the standard for the "level of seriousness" to which an employer's

retaliatory act must rise before it becomes actionable retaliation: "the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means that it well might have dissuaded a reasonable worker" from engaging in the protected activity. 126 S.Ct. at 2415, the said holding supports plaintiff position.

In *Shannon v. BellSouth Communications*, 292 F.3d 712, 715 (11th Cir. 2002) the Court held that may prove retaliation by establishing that the protected activity and the adverse action are not "wholly unrelated". The proximity between the reversal of plaintiff's termination and her constructive firing is an important factor. It is undisputed that gender discrimination is not condoned by the law. Furthermore, there is no dispute of the close temporal proximity between the events, therefore, a showing that the protected activity and the adverse employment action occurred in "close temporal proximity" and that the employer was aware of the protected activity is often sufficient to establish the causal connection. *Shannon*, 292 F.3d at 716-17.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Motion to Dismiss the Second Amended Complaint.

*/s/ Deborah M. N.*
Deborah M. Nickson (NIC25)
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116
334-213-1233
334-213-1234 fax
debnicks@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that on the __1st__ day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsels:

Thomas T. Gallion, III
Constance C. Walker
OF COUNSEL:
HASKELL SLAUGHTER YOUNG & GALLION, LLC
Post Office Box 4660
Montgomery, Alabama 36103-4660

Deborah M. Nickson (NIC25)